**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **AARON TREMELL HILL, Sr.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **PE: 24-CV-00012-DC-DF** |
| **CITY OF MONAHANS, et al.,** | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendants City of Monahans, Rex Thee, Luis Esquivel, and Jennifer Terrazas's (collectively, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or in the alternative, Failure to State a Claim (Doc. 4). This case was referred to the undersigned Magistrate Judge for a Report and Recommendation by Order of Referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules. After carefully considering the filings and applicable law, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART** and Plaintiff be required to seek leave to amend his Complaint. (Doc. 4).

## I. BACKGROUND

### A. Factual Background

Plaintiff, proceeding *pro se*, brings a racial discrimination or racial profiling claim under Section 1983.[1] (*See* Docs. 1 at 3; 6 at 2). This action arises from an altercation that occurred on September 9, 2022, at the Dollar Tree in Monahans, Texas. (Doc. 1 at 5). Plaintiff, an African

---

1. Plaintiff asserts federal question jurisdiction for "Racial Profiling / Civil Rights Violation 42 U.S.C. § 1983 / 14th Amendment Rights / Civil Right Violation § 39.04." (Doc. 1 at 3).

American man, claims he was shopping at Dollar Tree when store manager, Mario Javier Molina, began to spy on him. *Id.* Molina refused to service Plaintiff and ordered Plaintiff to leave the store. *Id.* Molina then called the police, reporting an aggressive customer refusing to leave. *Id.*

Molina was outside the Dollar Tree when Officer Terrazas and Sergeant Esquivel arrived. Molina allegedly pointed at Plaintiff and instructed the police officers to "issue criminal trespass on him." *Id.* Officer Terrazas approached Plaintiff and asked for his driver's license. Plaintiff refused, asking if he had committed a crime. *Id.* Officer Terrazas said no. *Id.* Having committed no crime, Plaintiff attempted to leave, but Officer Terrazas and Sergeant Esquivel allegedly detained him. *Id.* Sergeant Esquivel then threatened Plaintiff with "arrest for failure to ID" and intimidated Plaintiff by placing "his hand on his firearm." *Id.* Plaintiff was issued a criminal trespass warning and left. Plaintiff claims that "at least part of the motivation" of the police officers' conduct was his race. *Id.*

After the altercation, Plaintiff alleges Sergeant Esquivel and Officer Terrazas reviewed Dollar Tree's security footage. *Id.* Police officer body camera footage purportedly shows Molina referring to Plaintiff "as 'these people' and saying, '[y]ou can tell he isn't from around here. I know that.'" *Id.*

**B.  Procedural Background**

On April 4, 2024, Defendants moved to dismiss Plaintiff's claims. (Doc. 4). Plaintiff responded to the Motion on April 15, 2024. (Doc. 6). On April 23, 2024, Defendants filed a Reply, concluding briefing on the Motion to Dismiss. (Doc. 8). Before the Court ruled on the Motion, Plaintiff filed two more responses both titled Plaintiff's Second Response to Defendants' Motion to Dismiss. (Docs. 9; 10). Defendants moved to strike both responses on

May 6, 2024. (Doc. 11). Plaintiff never responded to the Motion to Strike, so the Court granted the Motion as unopposed under Local Rule CV-7(d)(2). (Doc. 12). As a result, the Court only considers Plaintiff's first Response (Doc. 6) in deciding the Motion to Dismiss.

## II.    MOTION TO DISMISS

District courts extend *pro se* plaintiffs some leniency when brining federal suits. This leniency does not excuse a *pro se* plaintiff's failure to comply with general rules of litigation but allows district courts discretion to give the plaintiff a chance to correct his mistakes. *See Bamburg v. Bell*, No. 20-CV-00452, 2021 WL 10917429, at *1 (E.D. Tex. Mar. 30, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir. 1990)). And generally, a *pro se* plaintiff "should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

Here, Plaintiff tried to comply with the federal rules, but ultimately fell short. Because the District Court should give an opportunity to amend, the Court **RECOMMENDS** the Motion to Dismiss be **DENIED IN PART** and **GRANTED IN PART**. (Doc. 4). Plaintiff should also be required to seek leave to amend his Complaint.

### A.  Defendants' Claim for Lack of Personal Jurisdiction Should Be Denied

Defendants first move to dismiss under 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process. Defendants also contend that Plaintiff's insufficient service and service of process prevents this Court from exerting personal jurisdiction over Defendants, necessitating dismissal under Rule 12(b)(2). (Doc. 4 at 4). On review, the Court finds Plaintiff failed to properly serve Defendants, but Plaintiff should be given another opportunity to perfect service. *See Bamburg*, 2021 WL 10917429, at *2. Accordingly, the Court **RECOMMENDS** the

Motion to Dismiss be **DENIED** and Plaintiff be given an **EXTENSION** to accomplish proper service. *See id.*

### a. Legal Standards

Under Federal Rule of Civil Procedure 12(b), a defendant may challenge personal jurisdiction for "insufficient process" and "insufficient service of process." FED. R. CIV. P. 12(b)(4), (5). Generally, a motion to dismiss under Rule 12(b)(4) turns on the legal sufficiency of the form of process while a motion under Rule 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and the complaint." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 (5th Cir. 2008); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). When challenged, the serving party carries the burden of showing service was proper. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

There are two steps to complete service of process under Rule 4. *Melendez v. Arnold*, No. 21-cv-622, 2023 WL 3794528, at * 2 (W.D. Tex. May 3, 2023). "First, a plaintiff must present a summons to the clerk for signature and seal; the clerk 'must sign, seal, and issue it to the plaintiff for service on the defendant.'" *Id.* (citing FED. R. CIV. P. 4(b)). Second, plaintiff must serve the summons and complaint "within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id.*; FED. R. CIV. P. 4(c)(1).

Under Rule 4(m), if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, the Court may dismiss the action without prejudice or, on plaintiff's showing of good cause, extend time for service. FED. R. CIV. P. 4(m); *Johnson v. Wormuth*, No. 21-CV-00831, 2022 WL 2873479, at *3 (W.D. Tex. July 21, 2022). If good cause does not exist, the court may decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

However, where the relevant statute of limitations will likely bar refiling of the suit, "a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Under this heightened standard, a district court may only dismiss with prejudice "where a clear record of delay or contumacious conduct by the plaintiff" exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* (citing *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).

### b. Discussion

Defendants argue dismissal is warranted because Plaintiff has not perfected service. (Doc. 8 at 1). Defendants point to three errors in Plaintiff's attempts to perfect service. First, Plaintiff only served Defendants with a copy of the Complaint, neglecting to include a summons. (Doc. 4 at 2). Second, Plaintiff personally served Defendants by certified mail, violating Texas Rule of Civil Procedure 103. *Id.* at 3. And third, Plaintiff did not provide proof of service as required under Rule 4(l). (Doc. 8 at 2). The Court agrees that Plaintiff failed to effectuate service, but the Court finds no "clear record of delay or contumacious conduct" by Plaintiff. *Kaden v. Chamisa Arts, Inc.*, No. EP-CV-146, 2016 WL 7616692, at *5–6 (W.D. Tex. July 15, 2016); *see Sys. Signs Supplies*, 903 F.2d at 1014. For this reason, the Court **RECOMMENDS** an **EXTENSION** of the deadline to achieve proper service under Rule 4(m).

Due to a series of errors, Plaintiff has not perfected service on Defendants.[2] Each error, however, shows Plaintiff's attempts to correct his mistakes and properly perfect service. Plaintiff first attempted to serve process on Defendants about two weeks after filing his Complaint.

---

2. Plaintiff paid the filing fee, so Plaintiff is responsible for serving each Defendant with a summons and a copy of the Complaint.

(Docs. 6 at 3; 8 at 2). On this first attempt, Plaintiff made two errors. First, he neglected to include a summons with a copy of the Complaint as required under Rule 4(c)(1). FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Plaintiff instead sent the summons through certified mail about a month later. (Doc. 6 at 4). Second, Plaintiff personally served the summons and Complaint through certified mail. (Doc. 8 at 2). Both Rule 4 and Texas Rule of Civil Procedure 103 prohibit a party to the action—such as Plaintiff—to serve process, even by mail. FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added); TEX. R. CIV. P. 103 ("[N]o person who *is a party to or interested in the outcome of the suit* may serve any process in that suit….") (emphasis added). Taken together, Plaintiff failed to properly serve Defendants.

Defendants moved to dismiss about three weeks after Plaintiff filed his Complaint.[3] This Motion seemingly alerted Plaintiff to his defective process. Plaintiff immediately hired an outside third-party process server to serve Defendants.[4] (Doc. 6 at 4). Attached to Plaintiff's Response are three exhibits purporting to show service through a private third-party process server on City Manager Thee, Sergeant Esquivel, and Officer Terrazas. (Doc. 6-3 at 1). Plaintiff shows no service on the City of Monahans.[5] (Doc. 8 at 2). Defendants argue Plaintiff's second attempt to perfect service still fails because he did not satisfy Rule 4(l)(1), which requires proof of service to the Court through a server's affidavit. *Id.*; FED. R. CIV. P. 4(l)(1). The Court agrees.

---

3. Plaintiff's initial attempt to serve Defendants occurred within a month of filing his Complaint. Plaintiff filed his Complaint on March 13, 2024. (Doc. 1). Defendants received the Complaint around March 18, 2024. (Docs. 6 at 4; 6-2 at 1). Plaintiff then mailed a summons to each Defendant on April 2, 2024. (Doc. 6 at 4).

4. Defendants filed this Motion on April 4, 2024. (Doc. 4). Plaintiff then hired and served all Defendants, except the City of Monahans, through an outside third-party process server on April 15, 2024. (Doc. 6 at 4).

5. Plaintiff styles this case *Aaron Tremell Hill, Sr. v. City of Monahans*, but Plaintiff does not include the City of Monahans in the list of parties to the Complaint. (*See* Doc. 1 at 1–2). Instead, Plaintiff incorrectly lists the City of Monahans as a corporate defendant under the diversity of citizenship section. *Id.* at 4. The Court assumes Plaintiff means to include the City of Monahans as a defendant. **However, if Plaintiff intends to sue the City of Monahans, the City of Monahans must be listed as a Defendant in any amended complaint and must be properly served.**

Without adequate proof of service, such as a server's affidavit, Plaintiff has not perfected service on Defendants. *See* FED. R. CIV. P. 4(l)(1).

Importantly, Plaintiff's *pro se* status does not excuse his failure to perfect service. *Sys. Signs Supplies*, 903 F.2d at 1013. The Court is therefore left with two choices: either "dismiss the action without prejudice…or direct that service be effected within a specific time." FED. R. CIV. P. 4(m); *Crisp v. Sears, Roebuck & Co.*, No. SA-13-CA-962, 2014 WL 108670, at *2 (W.D. Tex. Jan 9, 2014) (citing *Thompson*, 91 F.3d at 21). A district court may extend time for service with or without a showing of good cause. *Crisp*, 2014 WL 108670, at *2. But this discretion is limited where the statute of limitations likely bars future litigation. *Kaden*, 2016 WL 7616692, at *5 (citing *Millan*, 546 F.3d at 326).

In this case, the Court should exercise its discretion and extend Plaintiff's time to perfect service for two reasons. First, Plaintiff attempted to properly serve Defendants twice during the statutory period.[6] *See Sys. Signs Supplies*, 903 F.2d at 1013–14. Once aware of his service of process deficiencies, Plaintiff promptly took steps to correct those deficiencies. *Contra Crisp*, 2014 WL 108670, at *2 (finding no good cause where plaintiff was aware of deficiencies and took no action to correct the deficiencies). Defendants also have actual notice of the suit, as shown by this Motion. *Id.* Further, district courts often provide extensions to *pro se* plaintiffs where a *pro se* plaintiff fails to properly serve defendants. *See Fryer v. United States*, No. 19-CV-00134, 2020 WL 6588397, at *3–4 (W.D. Tex. July 20, 2020) (finding dismissal proper where a pro se plaintiff received "ample notice and opportunity to correct the deficiencies in his service"); *Bettis v. Soc. Sec. Admin.*, No. 6-19-CV-00460, 2020 WL 13664253, at *2 (W.D. Tex. Mar. 10, 2020), *R. & R. adopted*, 2020 WL 13664283 (W.D. Tex. Mar. 30, 2020); *see Jones v. Lamar County*, No. 4:21-CV-00156, 2022 WL 17175071, at *6 (E.D. Tex. Sept. 9, 2022) ("It is

6. The 90-day statutory period ended on June 11, 2024. *See* FED. R. CIV. P. 4(m).

rare to dismiss 'a cause due to failure to properly serve a defendant; normally, the court only resorts to dismissal 'after multiple chances were given.'").

Second, the Court has concerns about the relevant statute of limitations further inclining the Court to grant an extension. Plaintiff brings this action under § 1983. "There is no federal statute of limitations for § 1983 actions"; rather state law governs the statute of limitations. *Slinger v. Woodward*, No. 1-14-CA-00620, 2015 WL 12748178, at *2 (W.D. Tex. Feb. 10, 2015) (citing *Owens v. Okure*, 488 U.S. 235 (1989)). Under Texas law, the statute of limitations for a § 1983 claim is two years. *Id.* (citing *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrel v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Here, the actions giving rise to Plaintiff's claim occurred on September 9, 2022; thus, as of September 9, 2024, Plaintiff's claims are potentially time-barred. If time-barred, dismissal operates as a dismissal with prejudice and heightened scrutiny is warranted. *Millan*, 546 F.3d at 326.

When the statute of limitations prevents a plaintiff from refiling suit, a court may only dismiss the case if "a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." *Kaden*, 2016 WL 7616692, at *6 (citing *Millan*, 546 F.3d at 326). As established above, there is no "clear record of delay" in this case.

Accordingly, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED** for insufficient process, insufficient service of process, and lack of personal jurisdiction. (Doc. 4). The Court also **RECOMMENDS** Plaintiff be given **THIRTY MORE DAYS** to have a non-party properly execute service of process on *all* Defendants and for Plaintiff to provide proper proof of service to the Court through an affidavit completed by the process server.

### B.  Defendants' Motion to Dismiss for Failure to State a Claim Should be Granted

#### a.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss

"if they are referred to in the plaintiff's complaint and are central to [its] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### b.  Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983 against Officer Terrazas, Sergeant Esquivel, City Manager Thee, and the City of Monahans. "Section 1983 prohibits 'persons' acting under the color of law from depriving another of any 'rights, privileges, and immunities secured by the Constitution and laws.'" *Cano v. Harlandale Indep. Sch. Dist.*, No. SA-19-CV-01296, 2020 WL 7385843, at *5 (W.D. Tex. Dec. 16, 2020) (citing 42 U.S.C. § 1983). To state a § 1983 claim, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Id.* The Court reads Plaintiff's Complaint to allege a § 1983 claim against Defendants Officer Terrazas, Sergeant Esquivel, and City Manager Thee for racial discrimination in violation of the Fourteenth Amendment. (*See* Docs. 1 at 3; Doc. 6 at 2).

Claims against government officials, such as Officer Terrazas, Sergeant Esquivel and City Manager Thee (collectively, "Government Official Defendants"), are subject to the defense of qualified immunity if the officials' conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, all three

Government Official Defendants have invoked qualified immunity in moving to dismiss. (Doc. 4 at 15–19). With that said, due to deficiencies in Plaintiff's Complaint, the Court finds dismissal required before even reaching the issue of qualified immunity.

Even so, as a *pro se* litigant, Plaintiff should be given an opportunity to seek leave to amend his Complaint to state facts supporting a plausible claim for relief before dismissal. *Robinson v. Escorza*, No. SA-23-CV-734, 2024 WL 1079781, at *3 (W.D. Tex. Jan. 2, 2024) (*citing Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020)), *R. & R. adopted*, 2024 WL 1079063 (W.D. Tex. Mar. 11, 2024). Federal Rule of Civil Procedure 15 generally requires leave to amend be freely given as justice so requires. *See* Fed. R. Civ. P. 15(a)(2). But leave may be denied if any amendment would be futile, which courts evaluate under the Rule 12(b)(6) standard. *Robinson*, 2024 WL 1079781, at *3 (citing *Mandujano v. City of Pharr*, 786 F. App'x 434, 438 (5th Cir. 2018)). Plaintiff therefore should be required to articulate facts that support his constitutional claims against each Defendant in any amended complaint. The Government Official Defendants may then oppose the Court's granting leave to amend or seek dismissal under the Rule 12(b)(6) standard. *See id.*

The Court adds that while this Report and Recommendation does not address the Government Official Defendants' entitlement to qualified immunity, this defense remains relevant to any amended complaint Plaintiff files. *Id.* This means, if Plaintiff chooses to file an amended complaint, Plaintiff must plead facts showing a violation of clearly established law; otherwise, the Government Official Defendants pleading qualified immunity will be entitled to dismissal before discovery. *Carswell v. Camp*, 54 F.4th 307, 312–13 (5th Cir. 2022). To met this standard, Plaintiff "must 'identify[] a case in which an officer acting under similar circumstances was held to have violated the [Constitution], and … explain[] why the case clearly proscribes the

conduct of that individual officer.'" *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021) (alternations in original).

Elaborated below, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** for failure to state a claim. It is further **RECOMMENDED** that Plaintiff be given an opportunity to seek leave to amend his complaint to allege facts to support his constitutional claims and defeat qualified immunity. Defendants may seek consideration of their qualified-immunity defense in opposing leave to amend or renewing their Motion to Dismiss.

### i.    Individual v. Official Capacity

Public officials may be sued under § 1983 in both their individual and official capacities. Here, Plaintiff does not state in which capacity he brings his § 1983 claims against Officer Terrazas, Sergeant Esquivel, and City Manager Thee. This murkiness creates a problem because "[a] suit against a government official in his [or her] official capacity is a suit against the government entity." *Kinnison v. City of San Antonio*, No. SA-08-CA-421, 2009 WL 578525, at *2 (W.D. Tex. Mar. 5, 2009) (citing *Will v. Mich. Dep't of State*, *Police*, 491 U.S. 58, 70 (1989)). And here Plaintiff sued the government entity—the City of Monahans. This means, if Officer Terrazas, Sergeant Esquivel, and City Manager Thee are sued in their official capacities, then Plaintiff's claims against each individual defendant are redundant of his claims against the City of Monahans and should be dismissed. *See Kinnison*, 2009 WL 578525, at *2 ("In cases where the governmental entity itself is a defendant, claims against specific officials in their official capacities are redundant and it is appropriate to dismiss them." (citing *Walton v. City of Milford*, No. 06-CV-2291, 2008 WL 631240, at *2 (N.D. Tex. Feb. 28, 2008))). Unsurprisingly, Officer Terrazas, Sergeant Esquivel, and City Manager Thee contend Plaintiff sued them in their

official capacities because Plaintiff lists their municipal job titles in his complaint.[7] (Doc. 4 at 20). The Court agrees in part.

Because the Court must construe *pro se* pleadings liberally, the Court interprets Plaintiff's Complaint as naming Officer Terrazas, Sergeant Esquivel, and City Manager Thee in their individual and official capacities. *See McZeal v. Louisiana*, No. 19-517, 2020 WL 7344611, at *3 (M.D. La. Oct. 27, 2020) (construing a *pro se* complaint as brining official and individual-capacity claims where it was unclear if defendants were sued in their individual capacities). So to the extent Plaintiff sues Officer Terrazas, Sergeant Esquivel, and City Manager Thee in their official capacities, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

### ii.    Officer Terrazas and Sergeant Esquivel

Turning to the individual capacity claims, Plaintiff fails to state a § 1983 claim against Officer Terrazas and Sergeant Esquivel. After reading Plaintiff's Complaint carefully, the Court understands Plaintiff to allege claims under § 1983 for racial discrimination in violation of the Fourteenth Amendment against Officer Terrazas and Sergeant Esquivel.[8] (*See* Doc. 6 at 8). To state a racial discrimination claim under § 1983 and the Equal Protection Clause, Plaintiff must allege that "he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Preister*, 354 F.3d at 424 (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). In this case, Plaintiff fails to

---

7. Plaintiff used the Pro Se 1 (Rev. 12/16) Complaint for a Civil Case form. The form asks for each defendant's job or title. (*See* Doc. 1 at 2). Given the job or title field on the form, the Court does not find Plaintiff's inclusion of job titles alone determinative of whether the Government Official Defendants are sued in their official capacities.

8. Plaintiff uses racial discrimination and racial profiling in his Complaint and Response. (Docs. 1 at 5–6; 6 at 8). Both a racial profiling claim and a racial discrimination claim under § 1983 and the equal protection clause require Plaintiff to allege "that he was treated differently than similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *See Stout v. Vincent*, 717 F. App'x 468, 471–72 (5th Cir. 2018).

plead any facts alleging he was treated differently than similarly situated non-African American individuals.

Plaintiff's Complaint does not allege he was treated differently than similarly situated non-African American individuals. Rather, Plaintiff recounts the events that occurred outside the Dollar Tree on September 9, 2022. (*See* Doc. 1 at 5). He then claims that "at least part of the motivation for the above-described conduct on the part of the City of Monahans['s] employees was Mr. Hill's race." (Doc. 1 at 6). But Plaintiff never alleges he was treated differently than similarly situated non-African Americans. *See Flanagan v. City of Dallas*, 48 F. Supp. 3d 941, 947–48 (N.D. Tex. 2014) (dismissing a racial discrimination claim where plaintiff alleged defendant treated him "in the manner he did because he was black"). As a result, Plaintiff fails to state a racial discrimination claim under § 1983 against Officer Terrazas and Sergeant Esquivel.

And to the extent Plaintiff alleges new facts in his Response—namely that Officer Terrazas's and Sergeant Esquivel's failure to investigate and confirm Molina's identity shows "Defendants treated the Plaintiff differently than other individuals"—the Court cannot consider these new facts in the context of a motion to dismiss.[9] (Doc. 6 at 9); *Wilkins v. Duncansville I.S.D.*, No. 20-CV-1404, 2021 WL 1111162, at *3 (N.D. Tex. Mar. 8, 2021), *R. & R. adopted*, 2021 WL 1102167 (N.D. Tex. Mar. 23, 2021). "At the motion-to-dismiss stage of the proceedings, the court is limited to considering the contents of the operative complaint and its attachments." *Hicks v. Ashworth*, No. H-23-2234, 2024 WL 3243474, at *6 (S.D. Tex. June 26, 2024) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.

---

9. Plaintiff alleged in the Complaint that Molina had no identification. (Doc. 1 at 5). He did not allege that Officer Terrazas requested Molina's identification, or that Molina went to his car to get the identification but returned "telling the officers he did not have his identification" and "nothing happened to him." (Doc. 6 at 9). Plaintiff relies on these new facts to allege "Defendants treated Plaintiff different than other individuals." *Id.*

2000)). This means these new facts are improperly before the Court, and Plaintiff cannot rely on these facts to avoid dismissal. *Id.*

In sum, Plaintiff fails to state a claim against Officer Terrazas and Sergeant Esquivel under § 1983 for racial discrimination because he fails to allege in his Complaint that he was treated differently than similarly situated non-African Americans. The Court thus **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to the claims against Officer Terrazas and Sergeant Esquivel. (Doc. 4).

### iii.    City Manager Thee

Plaintiff also fails to state a racial discrimination claim under § 1983 against City Manager Thee. Other than naming City Manager Thee as a defendant, Plaintiff never mentions him in the Complaint. (*See* Doc. 1 at 5–6). Plaintiff now attempts to clarify his claims against City Manager Thee, alleging "City Manager Rex Thee knowingly disregarded Plaintiff's civil rights by disregarding the actions of the police and records clerk," and "City Manager Thee failed to comply with Open Records Requests first requested on November 18, 2022." (Doc. 6 at 10). As the Court already explained, new factual allegations, such as these new allegations about City Manager Thee, are not properly before the Court.

Likewise, to the extent Plaintiff's Response attempts to bring a new claim against City Manager Thee for failure to comply with open record requests impeding "the Pursuit of Justice," this new claim is inappropriate. (Doc. 6 at 10). "It is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 593–94 (W.D. Tex. 2020) (citations and internal quotation marks omitted). The Court does not consider any new claims raised in Plaintiff's Response. *Id.*

As Plaintiff failed to mention City Manager Thee beyond listing him as a defendant in the Complaint, Plaintiff failed to state a claim against City Manager Thee. The Court therefore **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims against City Manager Thee. (Doc. 4).

### iv.    City of Monahans

And finally, Plaintiff fails to state a § 1983 claim against the City of Monahans. Plaintiff brings a § 1983 municipality claim, also known as a *Monell* claim, against the City of Monahans for negligently retaining and failing to supervise Officer Terrazas and Sergeant Esquivel. (Doc. 6 at 9). Plaintiff alleges the City of Monahans "failed to oversee the actions of [its] officers and allowed [its officers] to use intimation tactics." *Id.* In its Motion, the City of Monahans seeks dismissal alleging Plaintiff fails to meet any elements of a *Monell* claim and instead pleads his claim as if the actions of Officer Terrazas and Sergeant Esquivel "can be vicariously imputed to the City of Monahans." (Doc. 4 at 11). The Court agrees.

To bring a § 1983 claim against a municipality, such as the City of Monahans, the plaintiff must allege a constitutional violation that arises from execution of a government policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). This requires the plaintiff to show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)). In other words, a municipality is only liable for "acts 'of the municipality—that is, acts which the municipality has officially sanctioned or ordered.'" *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). A plaintiff cannot hold a municipality liable only for the

acts of its employees. *Powell v. Ector County*, No. 21-CV-140, 2022 WL 22248279, at *5 (W.D. Tex. Feb. 22, 2022) (citing *Marquez v. Quarterman*, 652 F. Supp. 2d 785, 790 (E.D. Tex. 2009), *R. & R. adopted*, 2022 WL 837776 (W.D. Tex. Mar. 9, 2022)).

The Court liberally construes Plaintiff's Complaint to allege the City of Monahans is liable for a violation of Plaintiff's civil rights because it negligently retained Officer Terrazas and Sergeant Esquivel and failed to supervise Officer Terrazas and Sergeant Esquivel.[10] (*See* Docs. 1 at 5; 6 at 9). Even with this liberal reading, Plaintiff fails to state a claim against the City of Monahans. And because Plaintiff fails to adequately plead an official policy or custom, the Court does not reach the second and third *Monell* elements.

Official municipal policies take various forms. "They often appear as written policies, but an official policy may also be an unwritten but 'widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Gomez*, 18 F.4th at 777. To survive a motion to dismiss, a plaintiff need not specifically state the municipal policy, but "may be more general," relying on minimal factual allegations. *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 843 (5th Cir. 2011). Here, Plaintiff makes no mention of any official municipal policy—written or otherwise—capable of supporting his *Monell* claims against the City of Monahans. Rather, Plaintiff describes the events on September 9, 2022. The Fifth Circuit has held that a "plaintiff cannot rely solely on the incident that caused her [or his] injury" to demonstrate a custom or practice "so persistent and widespread as to practically have the force of law." *Terrell v. Harris County*, No. 23-20281, 2024 WL 4446408, at *3 (citing *Pena*, 879 F.3d at 622). Since Plaintiff only relies on the incident that allegedly caused his injury

---

10. From Plaintiff's Complaint, it was unclear whether Plaintiff brought his claims against the City of Monahans under state or federal law. (*See* Doc. 1 at 5). Plaintiff's Response suggests he brings his claims against the city under § 1983, not state law. (*See* Doc. 6 at 9).

and makes no mention of any other municipal policy, he fails to state a *Monell* claim against the City of Monahans. *Id.*

Finally, the Court agrees with Defendants—Plaintiff's Response suggests Plaintiff is attempting to hold the City of Monahans liable for the actions of Officer Terrazas and Sergeant Esquivel on September 9, 2022. In his Response, Plaintiff argues Officer Terrazas and Sergeant Esquivel acted unlawfully, and the City of Monahans, in failing to oversee its employees, allowed Officer Terrazas and Sergeant Esquivel to act unlawfully. (Doc. 6 at 9). As explained, a plaintiff cannot hold a municipality liable under § 1983 for the acts of its employees. *Powell*, 2022 WL 22248279, at *5. Municipal liability under § 1983 must arise from the acts of the municipality. Thus, Plaintiff's *Monell* claim also fails because Plaintiff imputes the actions of Officer Terrazas and Sergeant Esquivel on the City of Monahans.

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims against the City of Monahans. (Doc. 4).

### c. State Law Claims

Although unclear, the Court conservatively reads Plaintiff's Complaint to bring state law claims against the City of Monahans, Officer Terrazas, and Sergeant Esquivel. (*See* Docs. 1 at 5; 6 at 11). Clearest among these claims are Plaintiff's allegations that Officer Terrazas and Sergeant Esquivel violated Texas Penal Code § 38.02 and § 39.04. (Doc. 1 at 3). Less clear is whether Plaintiff asserts a negligence action against the City of Monahans for negligently retaining and failing to supervise Officer Terrazas and Sergeant Esquivel. (*See* Doc. 1 at 5). In any case, the Court finds Plaintiff's state law claims should be dismissed for failure to state a claim.

### i. Violations of the Texas Penal Code

The Court understands Plaintiff to sue either all Defendants or at least Officer Terrazas and Sergeant Esquivel for violating Texas Penal Code § 39.04 and § 38.02.[11] (Docs. 1 at 3; 6 at 11). These claims fail for two reasons and should be dismissed with prejudice.

First, the Texas Penal Code does not create a private cause of action. *Garza v. Perez*, No. SA-20-CV-00097, 2021 WL 2211113, at *5 (W.D. Tex. May 28, 2021) (citing *Aguilar v. Christian*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied)); *Luna v. Bank of Am.*, No. 15-CV-475, 2015 WL 11120875, at *9 (N.D. Tex. Nov. 9, 2015) ("As several Texas and federal courts have noted, the Texas Penal Code does not create a private right of action"). As such, Plaintiff's claims under Texas Penal Code § 38.02 and § 39.04 should be **DISMISSED** for failure to state a nonfrivolous claim.

Second, Plaintiff never mentions § 38.02 in his Complaint. He first references § 38.02 in his Response to Defendants' Motion to Dismiss. (Doc. 6 at 11). As explained, it is inappropriate to use a response to a motion to dismiss to raise a claim for the first time. *Sneed*, 487 F. Supp. 3d at 593–94. Because new claims made in response to a motion to dismiss are not incorporated into the original pleadings, Plaintiff's § 38.02 claim should be **DISMISSED**.

Taken together, since there is no private cause of action under the Texas Penal Code, Plaintiff's claims under § 39.04 and § 38.02 are frivolous and should be **DISMISSED WITH PREJUDICE**.[12] The Court thus **RECOMMENDS** the Motion to Dismiss be **GRANTED** as to Plaintiff's claims under the Texas Penal Code. (Doc. 4).

---

11. For the first time in his Response, Plaintiff also alleges a violation of Texas Penal Code § 38.02. (Doc. 6 at 11).

12. Although leave to amend is recommended, Plaintiff cannot bring a nonfrivolous claim under the Texas Penal Code. Therefore, any claim under the Texas Penal Code should be dismissed with prejudice.

### ii. Negligence Claims

As it is unclear whether Plaintiff asserts state negligence claims against the City of Monahans, the Court briefly considers these potential causes of action.[13] The Court believes Plaintiff to allege the City of Monahans was negligent in retaining and failing to supervise Officer Terrazas and Sergeant Esquivel. (Doc. 1 at 5). If Plaintiff's negligent retention and failure to supervise claims are asserted as state negligence claims—rather than or in addition to his § 1983 claims—then Defendants argue those claims are barred under the Texas Tort Claims Act ("TTCA"). (Doc. 4 at 13). Like Plaintiff's § 1983 claims, the Court finds dismissal required before even reaching the TTCA.

While the Texas Supreme Court has not definitively ruled on the existence, elements, or scope of negligent retention and supervision claims, Texas courts have generally treated such claims as ordinary negligence claims. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 505–06 (Tex. 2017) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010)); *Almanzar v. Eaglestar*, No. EP-20-CV-117, 2021 WL 7184209, at *10 (W.D. Tex. Dec. 21, 2021). An ordinary negligence claim has three elements: "(1) a legal duty owned by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from that breach." *Oliveros v. Oliveros*, No. 23-CV-00402, 2024 WL 875834, at *12 (W.D. Tex. Feb. 13, 2024) (citing *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.3d 523, 525 (Tex. 1990)), *R. & R. adopted*, 2024 WL 874145 (W.D. Tex. 2024). As this Court has done before, it addresses Plaintiff's negligent retention and negligent supervision claims separately. *See Codos v. Bluefin*

---

13. Defendants briefly consider the possibility that Plaintiff brings state negligence claims against Officer Terrazas Sergeant Esquivel, and City Manager Thee. (Doc. 4 at 12). The Court does not read Plaintiff's Complaint to do so. Specific mentions of negligence in the Complaint are directed only at the City of Monahans. (*See* Doc. 1 at 5). Plaintiff's Response provides no clarification on any negligence claims against Officer Terrazas, Sergeant Esquivel, or City Manager Thee. (*See* Doc. 6 at 10). Plaintiff simply argues that "Plaintiff's legal rights were violated by City Manger Rex Thee, Sergeant Esquivel, and Former Officer Terrazas. Therefore, the tort claims should stand." *Id.*

*Water Sols.*, No. PE:21-CV-00072, 2022 WL 847235, at 6–10 (W.D. Tex. Mar. 22, 2022), *R. & R. adopted*, 2022 WL 2720854 (W.D. Tex. Apr. 6, 2022).

The Court starts with Plaintiff's negligent retention claim. A negligent retention claim requires a plaintiff to plead that the employer knew or reasonably should have known information about an employee that made him or her unfit and warranted firing.[14] *Mitchell v. Baylor Univ.*, No. 22-CV-00195, at *5–6 (W.D. Tex. June 27, 2022), *R. & R. adopted*, 2022 WL 3219418 (W.D. Tex. Aug. 9, 2022); *see Thompson v. Wal-Mart Stores Tex., LLC*, 706 F. Supp. 3d 689, 699 (S.D. Tex. 2023). Here, Plaintiff pleads no facts to support his negligent retention claim. He alleges nothing to suggest Officer Terrazas and Sergeant Esquivel had a history of similar conduct.[15] Nor does he allege anything to suggest the City of Monahans knew or reasonably should have known that Officer Terrazas and Sergeant Esquivel were unfit. Instead, Plaintiff alleges in a conclusory manner that the City of Monahans was negligent "in retaining Esquivel and Terrazas in any capacity." (Doc. 1 at 5). Plaintiff's allegations are thus insufficient to support a negligent retention claim against the City of Monahans.

The Court also finds Plaintiff's allegations insufficient to support a negligent supervision claim against the City of Monahans. Under Texas law, a claim for negligent supervision requires a plaintiff to allege "(1) the defendant owed him a legal duty to supervise its employees[;] (2) the employer breached the duty[;] and (3) the breach proximately caused the plaintiff's injuries." *Brown v. McClure*, 2021 WL 6119990, at *8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021,

---

14. This Court previously explained that the basis of a negligent retention claim "is the master's negligence in retaining in his employ an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Codos*, 2022 WL 847235, at *8.

15. Plaintiff pleaded that "Defendant City of Monahans…was aware that *Molina* had, on previous occasions, provided false information about customers to police officers, and knew that other employees had complained that he was not to be trusted." (Doc. 1 at 5) (emphasis added). But Molina is a Dollar Tree employee, not a City of Monahans employee. These conclusory allegations provide no information on the City of Monahans's negligence with respect to retaining and supervising Officer Terrazas and Sergeant Esquivel.

no pet.). Simply put, the employer's failure to supervise its employees must have caused plaintiff's injuries. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 913 (Tex. App.—Fort Worth 2008, no pet.). Like his negligent retention claim, Plaintiff pleads no facts to support his negligent supervision claim. He simply alleges the City of Monahans was negligent "[i]n failing to supervise Esquivel and Terrazas as to prevent foreseeable violations of civil rights." (Doc. 1 at 5). So again, Plaintiff's allegations cannot support a negligent supervision claim against the City of Monahans.

For these reasons, the Court **RECOMMENDS** the Motion to Dismiss be **GRANTED** as to Plaintiff's negligent retention and negligent supervision claims against the City of Monahans. (Doc. 4).

### III.    RECOMMENDATION

In sum, the Court finds Plaintiff failed to properly serve all Defendants. Given Plaintiff's *pro se* status, the Court **RECOMMENDS** Plaintiff be given a **30-DAY EXTENSION** to properly serve and provide proof of service on the City of Monahans, Officer Terrazas, Sergeant Esquivel, and City Manager Thee. Accordingly, The Court **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED IN PART**. (Doc. 4).

The Court also finds Plaintiff failed to state a claim under § 1983 against Officer Terrazas, Sergeant Esquivel, City Manager Thee, and the City of Monahans. Plaintiff likewise failed to state a claim under Texas state law against the City of Monahans. While the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED IN PART**, Plaintiff should be **GIVEN AN OPPORTUNITY TO SEEK LEAVE TO AMEND HIS COMPLAINT**. *Id.* Should Plaintiff choose to seek leave, he should **FILE A MOTION TO AMEND WITH HIS AMENDED COMPLAINT ATTACHED WITHIN 21 DAYS OF THE COURT**

**ADOPTING THIS REPORT AND RECOMMENDATION. ANY AMENDED COMPLAINT MUST PROVIDE A FULL LISTING OF ALL DEFENDANTS IN THE CASE**.

Finally, because the Texas Penal Code does not allow for private rights of action, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED IN PART** and Plaintiff's claims against Officer Terrazas and Sergeant Esquivel for violation of the Texas Penal Code be **DISMISSED WITH PREJUDICE**. *Id.*

SIGNED this 30th day of October, 2024.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).