IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| AARON TREMELL HILL, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO. 4-24-CV-00012 |
| | § | |
| CITY OF MONAHANS, | § | |
|     Defendant. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants City of Monahans, Rex Thee, Sergeant Luis Esquivel, and Former Officer Jennifer Terrazas ("Defendants"), and file this, their Response to Plaintiff's Motion for Leave to File First Amended Original Complaint and would respectfully show unto the Court as follows:

**I.
RELEVANT BACKGROUND**

Plaintiff filed his Original Complaint on March 13, 2024. *See* (Doc. 1). Defendants filed a Motion to Dismiss on April 4, 2024. (Doc. 4). Plaintiff filed his Response on April 15, 2024. (Doc. 6). Defendants filed their Reply on April 23, 2024. (Doc. 8). Judge Fannin issued his Report and Recommendation on October 30, 2024. *See* (Doc. 13). To Defendants' knowledge, no party filed written objections to the proposed findings, conclusions, and recommendations contained within the Report and Recommendation.

Plaintiff filed his Motion for Leave to File First Amended Original Complaint on November 20, 2024. *See* (Doc. 15). Attached to his Motion, Plaintiff attached his purported First Amended Complaint. (Doc. 15-1). On November 26, 2024, Plaintiff filed the purported Affidavit of Angela Lopez, which ostensibly is being used to support Plaintiff's claims. *See* (Doc. 17).

1

Plaintiff's Motion for Leave should be denied because Plaintiff's First Amended Original Complaint is futile and fails to state a claim for which relief can be granted.

## II.
## MOTION FOR LEAVE TO AMEND STANDARD

Leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court has the discretion to deny leave to amend if it has a "substantial reason" to do so. *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). Futility of amendment is a substantial reason to deny leave to amend. *Stipling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is futile if it "fail[s] to state a claim upon which relief could be granted. *Id*. at 873. In determining futility, the Fifth Circuit applies the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*.

## III.
## ARGUMENTS & AUTHORITIES

**1. Plaintiff's Motion fails to demonstrate the basis for granting leave.**

Plaintiff's Motion, read alone, does not provide the Court with a viable basis to grant leave to amend. Other than a basic recitation of the procedural background and a string of case cites—without explanation or analysis—Plaintiff's Motion fails to adequately explain the need or basis for granting leave to Amend. *See* (Doc. 15) at 1-2. In essence, the entirety of Plaintiff's argument is encapsulated on page two of his Motion:

> Under rule 15(a) Federal courts "should freely give leave [To amend] when justice so requires." Foman V Davis 371 U.S. 1781 (1962)
> - No Bad Faith
> - No Undue Delay
> - No Dilatory Motive
> - No Futility of Amendment
> - No Prejudice to opposing party
> - No repeated failure to cure deficiencies
>
> Defendant will not suffer undue prejudice from the filing of Plaintiffs' Amended Complaint because 1) the market definition asserted in the Amended Complaint is more Specific than that asserted in the Complaint.

[1]

As an initial matter, this case does not involve "market definitions," so this is not a basis for granting an amendment. More foundationally, granting leave for Plaintiff's Amended Complaint is futile because his Amended Complaint fails to state a claim upon which relief can be granted.

## 2. Plaintiff still has not served the City of Monahans.

Plaintiff has failed to perfect service on Defendant City of Monahans and his Motion for Leave makes no reference his repeated failure to do so. Rule 4(l)(1) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." *See* Fed R. Civ. P. 4(l)(1). Plaintiff attached three Affidavits of Service to his Motion for Leave to File First Amended Original Complaint, which were addressed to Officer Jennifer Terrazas, Sergeant Luis Esquivel, and City Manager Rex Thee. (Doc. 15-2). However, Plaintiff still demonstrates no proof of service on the

---

[1] Doc. 15 at 2.

City of Monahans. *See* (Doc. 15-2); *see also* (Doc. 13) at 5-8. Since Plaintiff's process and service of process on the City of Monahans were insufficient, the Court lacks personal jurisdiction of the City of Monahans and all claims against the City should be dismissed. Fed. R. Civ. P. 12(b)(2)-(5); *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). Neither Plaintiff's Motion nor his Amended Complaint address these issues, and the Court should deny his Motion for Leave.

### 3. Plaintiff's § 1983 claims against the Government Official Defendants fail.

To the extent Plaintiff attempts to bring § 1983 claims against Rex Thee, Sergeant Luis Esquivel, and Former Officer Terrazas (collectively, "Government Official Defendants") [2] in their official and/or individual capacities, Plaintiff's claims fail. *See* (Doc. 15-1) at 6-7. "To state a § 1983 claim, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See* (Doc. 13) at 10 (citing *Cano v. Harlandale Indep. Sch. Dist.*, No. SA-19-CV-01296, 2020 WL 7385843, at *5 (W.D. Tex. Dec. 16, 2020)). In his First Amended Complaint, Plaintiff alleges that he suffered discrimination based on his race, suffered adverse action, was treated differently than similarly situated, non-protected customers, and was subjected to unwelcome harassment, which was based on race. *See* (Doc. 15-1) at 6-7. Once again, Plaintiff's Amended Complaint is vague and conclusory, neglecting to specifically identify how "he received treatment different from similarly situated non-African American individuals and that the unequal treatment stemmed from a discriminatory intent." *See Preister v. Lowndes County*, 354 F.3d 414,

---

[2] Plaintiff's First Amended Complaint appears to assert claims solely against the City of Monahans. *See* (Doc. 15-1). The Report and Recommendation required that Plaintiff include a full list of the Defendants in this suit. *See* (Doc. 13) at 22-23. Plaintiff's First Amended Original Complaint only lists the City of Monahans were named as a Defendant. *See* (Doc. 15-1). Accordingly, it appears that Plaintiff is no longer pursuing claims against the Government Official Defendants.

424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see* (Doc. 13) at 13. Plaintiff attempts to suggest that Terrazas and Esquivel's demand to view Plaintiff's driver's license, unlike that of Dollar Tree Store Manager Mario Javier Molina, was an example of a similarly situated non-African American man being treated differently than Plaintiff, an African American. (Doc. 15-1) at 5. However, in his Amended Complaint, Plaintiff states that Molina reported Plaintiff to the police as "an aggressive customer" who was "refusing to leave." (Doc. 15-1) at 5. Thus, Plaintiff was not similarly situated to Molina in his interaction with Esquivel and Terrazas because Plaintiff was suspected of having committed criminal trespass, unlike Molina, who reported the disturbance. (Doc. 15-1) at 4-5. Because Plaintiff still cannot provide an example of how Esquivel and Terrazas treated him differently from a similarly situated non-African American individual and that the unequal treatment stemmed from a discriminatory intent, his § 1983 claims against Esquivel and Terrazas are not meritorious and leave should be denied. *See* (Doc. 13) at 13-15.

Plaintiff's Amended Complaint again fails to state a § 1983 racial discrimination claim against City Manager Rex Thee. In his First Amended Complaint, Plaintiff failed to allege specific facts articulating how City Manager Thee treated him differently from similarly situated non-African American individuals and that the unequal treatment stemmed from a discriminatory intent. *See Preister*, 354 F.3d at 424 (quoting *Taylor*, 257 F.3d at 473); *se*e (Doc. 15-1) at 4-7; *see also* (Doc. 13) at 13. Accordingly, Plaintiff failed to state a § 1983 claim against City Manager Thee and leave should be denied as futile.

### 4. Plaintiff's First Amended Original Complaint fails to overcome qualified immunity.

In addition and/or in the alternative, the Government Official Defendants in this case are entitled to qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305

5

F.3d 314, 323 (5th Cir. 2002). Under the Fifth Circuit's body of law, an official is not required to demonstrate that he did not violate clearly established federal rights. *Estate of Davis Ex Re. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005). "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southhaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Failure to cite "a preexisting precedential case" that places an officer on notice that the conduct in question violates the Constitution "dooms" a plaintiff's case. *Id*.

Because Plaintiff has failed to identify case law with facts comparable to the facts herein to put the constitutional question beyond debate, Plaintiff has failed to meet his burden to overcome Defendants' qualified immunity as a matter of law. *Vann*, 884 F.3d at 310; *Cass*, 814 F.3d at 733 (granting qualified immunity even though the defendant did not cite any cases in his favor to the district court because plaintiffs bear the burden of showing specific law on point). Because Defendants are protected by qualified immunity and Plaintiff has not overcome his burden to negate qualified immunity in his Amended Complaint, the Court should deny leave to amend because his claims against the Government Official Defendants.

**5. Plaintiff's § 1983 claim against the City of Monahans fails.**

In his First Amended Original Complaint, Plaintiff attempts to reassert a §1983 claim based on negligent supervision and retention against the City of Monahans in his Third Cause of Action. *See* (Doc. 15-1) at 8-10. In his Amended Complaint, Plaintiff makes vague and conclusory allegations that the City of Monahans negligently supervised and retained the Government Official Defendants and that the City of Monahans was aware that either Dollar Tree Store Manager Molina or the Government Official Defendants had previously discriminated against and violated the rights of African Americans. *See* (Doc. 15-1) at 8-10; *see Tuchman v. DSC Commc'ns Corp.,* 14

F.3d 1061, 1067 (5th Cir. 1994) (although reasonable inferences may be resolved in favor of plaintiff, the plaintiff must plead specific facts, not mere conclusory allegations). Additionally, Plaintiff appears to be asserting a negligent supervision and retention claim against non-party Dollar Tree, which is a non-governmental entity. *See* (Doc. 15-1) at 8.

Nonetheless, Plaintiff does not allege any widespread policies or practices adopted by the City of Monahans regarding the negligent supervision or retention of law enforcement officers, which were the moving force behind the violation of his constitutional rights, as required to properly allege a § 1983 claim against a municipality based on negligent supervision and retention. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998); and *Tuchman,* 14 F.3d at 1067. Plaintiff further fails to plead facts alleging the City of Monahans' deliberate indifference to the known or obvious consequences of its retention and supervision practices. *See Gros v. City of Grand Prairie*, 209 F.3d 431, 433-34 (5th Cir. 2000). Since Plaintiff does not allege any widespread policies or practices adopted by the City of Monahans was the moving force behind the alleged violation of his constitutional rights, and he failed to plead facts alleging the City of Monahans' deliberate indifference to the known or obvious consequences of its retention and supervision policies, the Court should deny his Motion because his amendment is futile.

**6. The Texas Penal Code does not create a private right of action.**

Plaintiff attempts to improperly assert a claim against Defendants under Tex. Pen. Code § 38.02. (Doc. 15-1) at 7-8.  Tex. Pen. Code § 38.02 does not create a private cause of action. *See, e.g., Randall v. Tex. Dep't of Criminal Justice Emps.*, No. 01-97-00659-CV, 1999 WL 681918, at *6 (Tex. App.—Houston [1st Dist.] Aug. 31, 1999, pet. denied); *Conway v. Lebnertz*, No. 12-04-00050-CV, 2005 WL 468233, at *2 (Tex. App.—Tyler 2005, no pet.). Plaintiff cites facts alleging that Esquivel and Terrazas violated Tex. Pen. Code § 38.02. *See* (Doc. 15-1) at 4-8. Even assuming

*arguendo* that these facts are true, Plaintiff cannot bring a civil lawsuit for the violation. *See Randall*, 1999 WL 681918, at \*6; *see Conway*, 2005 WL 468233, at \*2. Further, Judge Fannin recommended that Plaintiff's previous claims against Defendants for alleged violations of the Texas Penal Code be dismissed with prejudice because the Texas Penal Code does not allow for private rights of action. *See* (Doc. 13) at 23. Plaintiff should be denied leave to file a Complaint which is not allowed under the law. Because Plaintiff has not cited any holding that Tex. Pen. Code § 38.02 creates a private cause of action, the Court should deny leave to file a futile and meritless complaint.

**7. Plaintiff's 42 U.S.C. § 2000a claim fails.**

To state a claim under 42 U.S.C. § 2000a, a plaintiff "must demonstrate that he is a member of a protected class, he contracted for services in a place of public accommodation, he was denied those services, and those services were made available to similarly situated people outside of his protected class." *Smith v. Skilled Healthcare Grp.*, No. A-09-CV-342 LY, 2009 WL10705316, at \*4 (W.D. Tex. July 8, 2009) (citing *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 350 (5th Cir. 2008). 42 U.S.C. § 2000a(b) specifically defines "places of public accommodation" and Cities are not specifically included. *See* 42 U.S.C. § 2000a(b); *see Brackens v. Big Lots, Inc.*, No. A-06-CA-532 LY, 2007 WL 208750, at \*2-3 (W.D. Tex. Jan. 24, 2007) (holding that retail establishments were not considered "places of public accommodation" since they were not specifically included in Title II). Additionally, "[u]nlike many other civil rights statutes, however, 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damage awards." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 244-45 (5th Cir. 1999) (citing 42 U.S.C. § 200a-3 (1999); *Newman v. Piggie Park Ents.*, 390 U.S. 400, 88 S.Ct. 964, 966, 19 L.Ed. 2d 1263 (1968)).

Plaintiff's purported claim under 42 U.S.C. § 2000a fails because Plaintiff's allegations are vague, conclusory, and contain threadbare recitations of a few of the elements of a 42 U.S.C. §

8

2000a claim. *See Iqbal*, 556 U.S. at 678; *see Smith*, 2009 WL10705316, at *4 (quoting *Fahim*, 551 F.3d at 350). Namely, Plaintiff makes the conclusory allegation that the City of Monahans is a place of public accommodation. (Doc. 15-1) at 4-8. Additionally, Plaintiff failed to plead any facts alleging that he contracted for services with the City of Monahans, the City of Monahans denied him those services, and that those services were made available to similarly situated people outside of his protected class. *See Smith*, 2009 WL10705316, at *4 (quoting *Fahim*, 551 F.3d at 350). Similarly, Plaintiff erroneously seeks monetary damages under 42 U.S.C. § 2000a. *See Bass*, 180 F.3d at 244-45 (citing 42 U.S.C. § 2000a-3 (1999); *Newman*, 88 S.Ct. at 966 (1968)). Because Plaintiff's allegations are vague, conclusory, and contain threadbare recitations of a few elements of a 42 U.S.C. § 2000a claim, his claim fails and the Court should deny leave for this futile amendment.

### 8. The Affidavit of Angela Lopez does not support granting Plaintiff leave to amend and should be struck.

Angela Lopez's Affidavit ("Affidavit") is a standalone document that was neither properly attached to nor referenced in either Plaintiff's Motion for Leave or Plaintiff's First Amended Original Complaint. *See* (Doc. 17); *see also* (Docs. 15, 15-1). The Affidavit's heading also indicates that its use was intended for Plaintiff's litigation against Dollar Tree rather than this Lawsuit. (Doc. 17). The Affidavit is also incomplete, with words cut off or omitted. *See id*. Since the Affidavit was filed as a standalone document that was not properly attached to or referenced in Plaintiff's Motion for Leave or Plaintiff's First Amended Original Complaint, the Court should disregard and strike the Affidavit.

More fundamentally, the Affidavit does not support Plaintiff's claims against the Defendants in this lawsuit. Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). The

Affidavit only makes allegations of racial discrimination against non-party Mario Javier Molina and the Hispanic population of Monahans as a whole. (Doc. 17). The Affidavit's contents also contains impermissible hearsay barred by Fed. R. Evid. 802. The Affidavit's contents are thus immaterial to the allegations made in Plaintiff's First Amended Original Complaint against the City of Monahans, Sergeant Esquivel, Former Officer Terrazas, and City Manager Thee. *Compare* (Doc. 17) *with* (Docs. 15, 15-1); *See* Fed. R. Civ. P. 12(f). The Affidavit is of no moment and does not support the granting of leave.

**9. Plaintiff should be denied leave to file a "Third Amended Complaint."**

In the Proposed Order attached to his Motion, Plaintiff seeks an unspecified amount of time to file a "Third Amended Complaint." (Doc. 15) at 5. In addition to denying leave for the First Amended Complaint (Doc. 15-1), the Court should deny leave for Plaintiff to have yet another bite at the proverbial apple to file yet another Complaint. Despite explicit instructions and guidance from the Hon. Magistrate Judge, it is clear that Plaintiff will continue to file unmeritorious claims and further amendments will, in all likelihood, be similarly futile.

## IV.
## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff's Motion for Leave to File First Amended Original Complaint should be denied due to futility because Plaintiff's First Amended Original Complaint fails to state a claim upon which relief can be granted. Plaintiff failed to justify the leave and his purported amendment does properly plead that Defendants violated his federally protected rights or overcome Defendants qualified immunity. Defendants pray that the Court denies Plaintiff's Motion for Leave to File First Amended Original Complaint, dismisses all of Plaintiff's causes of action against Defendants with prejudice, and for such other and further relief to which they are justly entitled.

Respectfully submitted,

By:   */s/ Tyler J. Eyrich*
**Tyler J. Eyrich**
State Bar No. 24101741
teyrich@cbtd.com
**Maxwell G. Gaddy**
State Bar No. 24136832
mgaddy@cbtd.com

**COTTON, BLEDSOE, TIGHE & DAWSON, P.C.**
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of November, 2024, a true and correct copy of the foregoing instrument was served via electronic filing system and sent to Plaintiff:

Aaron Tremell Hill, Sr.
13949 Jacktar Street
Corpus Christi, Texas 78418
361-562-8404
Aaronhill73@yahoo.com

                                            */s/Tyler J. Eyrich*
                                            Tyler J. Eyrich