**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **AARON TREMELL HILL, SR.,** | § | |
|    **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. P-24-CV-00012** |
| | § | |
| **CITY OF MONAHANS,** | § | |
|    **Defendant.** | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT
PROCESS, OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, City of Monahans ("City"),[1] City Manager Rex Thee, Sergeant Luis Esquivel, and Officer Jennifer Terrazas ("Defendants") in the above-entitled action and file this Motion to Dismiss Plaintiff's First Amended Original Complaint for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), insufficient process pursuant to Rule 12(b)(4), or, in the alternative, failure to state a claim pursuant to Rule 12(b)(6) and in support would show the Court as follows:

**I.
RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff filed his Original Complaint (Doc. 1) on March 13, 2024. On April 4, 2024, Defendants filed their Motion to Dismiss Plaintiff's Original Complaint (Doc. 4), Notice of Assertion of Qualified Immunity and Motion for Order Limiting Discovery (Doc. 5). Plaintiff Responded to Defendants' Motion to Dismiss (Doc. 6) on April 15, 2024, and Defendants filed their Reply (Doc. 8) on April 23, 2024. Magistrate Judge Fannin issued his Report and

---

[1] In Section IV of Plaintiff's First Amended Complaint, which describes the Parties, Plaintiff only names the City of Monahans as a Defendant. *See* (Doc. 15-1) at 2-3. However, out of an abundance of caution, this Motion is brought on behalf of the City of Monahans, in addition to Rex Thee, Luis Esquivel, and Jennifer Terrazas.

1

Recommendations (Doc. 13) on October 30, 2024. On November 20, 2024, Plaintiff filed his Motion for Leave to File Plaintiff's First Amended Original Complaint (Doc. 15), attaching his First Amended Complaint (Doc. 15-1) and Service Affidavits (Doc. 15-2) that purportedly show proof of service on Defendants Thee, Esquivel, and Terrazas. Defendants Responded in opposition to Plaintiff's Motion for Leave to Amend (Doc. 19) on November 27, 2024. Plaintiff Replied to Defendants' Response (Doc. 22) on December 2, 2024. This Court adopted the October 30, 2024, Report and Recommendations (Doc. 23) on December 6, 2024.

On December 12, 2024, Plaintiff served his First Amended Complaint and Summons on the City of Monahans (Docs. 23, 24) through service on City Manager Rex Thee. Plaintiff also served the City of Monahans on December 13, 2024 (Docs. 23, 24), through service of the First Amended Complaint on Mayor Adam Steen. As of this filing, there is no indication as to whether Plaintiff has served Defendants Thee, Equivel, or Terrazas with his First Amended Complaint.

Because Plaintiff served the City with his First Amended Complaint without the Court granting leave or authorization to do the same, Defendants, out of an abundance of caution, file this Motion to Dismiss Plaintiff's First Amended Original Complaint for Lack of Personal Jurisdiction due to Insufficient Process, or pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.**
**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT REFERS ONLY TO THE CITY OF MONAHANS AS A DEFENDANT, ABANDONING HIS CLAIMS AGAINST OTHER DEFENDANTS</u>**

Plaintiff's First Amended Complaint appears solely focused on the City of Monahans as the only Defendant in this lawsuit. Section IV of Plaintiff's First Amended Complaint purports to name the Parties to this lawsuit. *See* (Doc. 15-1) at 2-3. In his First Amended Complaint, Plaintiff brings suit against "Defendant, City of Monahans, et. al., hereinafter City of Monahans et. al….a form of government entity…." *See id*. at 3. Additionally, Judge Fannin's Report and

Recommendations ordered that "[a]ny amended complaint must provide a full listing of all defendants in the case." *See* (Doc. 13) at 23. Reading Section IV of Plaintiff's First Amended Complaint as Plaintiff's attempt at providing a full listing of all Defendants in this case, the City of Monahans is the only clearly identifiable named Defendant. Accordingly, it appears that Plaintiff has only attempted to bring suit against the City of Monahans and abandoned his claims against the individual Defendants. However, out of an abundance of caution and in the alternative, Defendants bring this Motion to Dismiss on behalf of the City of Monahans in addition to Rex Thee, Luis Esquivel, and Jennifer Terrazas.

## III.
## INSUFFICIENT PROCESS AND LACK OF PERSONAL JURISDICTION OVER THE CITY OF MONAHANS

Judge Fannin's Report and Recommendations provided Plaintiff with a 30-day extension to properly serve and provide proof of service on Defendants (including the City of Monahans) in addition to providing Plaintiff with an opportunity to seek leave to amend his Complaint within 21 days of the Court adopting the Report and Recommendations. *See* (Doc. 13) at 22-23. The Report and Recommendations ordered Plaintiff to properly effectuate service of his Original Complaint on the City of Monahans within 30 days. *Id*. However, Plaintiff served the City of Monahans with his First Amended Complaint, rather than his Original Complaint, prior to this Court granting him Leave to Amend. *See* (Docs. 15, 24, 25). Defendants also responded in opposition Plaintiff's Motion for Leave.[2] *See* (Doc. 19). Because the Court has not granted Plaintiff Leave to Amend his Complaint, Plaintiff's service of his First Amended Complaint on the City of Monahans was improper and without legal effect. *See* (Doc. 15); *see U.S. ex rel. Mathews v. HealthSouth Corp.*,

---

[2] In the alternative, the Court should strike Plaintiff's Amended Complaint and purported service until the Court resolves Plaintiff's pending Motion for Leave.

3

332 F.3d 293, 296 (5th Cir. 2003) (stating that "[t]he failure to obtain leave results in an amended complaint having no legal effect.").

Process was also insufficient under Rule 12(b)(4) because the City of Monahans was not served with a summons in the proper form required under Rule 4 of the Federal Rules of Civil Procedure. When process is insufficient, courts have broad discretion to dismiss a suit. *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013). Additionally, "absent a showing of prejudice to the defendant or evidence of flagrant disregard of the rules of procedure," minor, technical errors do not justify dismissal of the suit. *See Lechner v. Citimortgage, Inc.*, 4:09-CV-302-Y, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009); *La. Acorn Fair Housing v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997). Here, Plaintiff has served an amended complaint that has no legal effect and was attached to a deficient summons. *See U.S. ex rel. Mathews*, 332 F.3d at 296. Plaintiff's error—yet another in line for service—is more than a simple technical mistake because his First Amended Complaint lacks any legal effect until the Court rules on his Motion for Leave. *See id.*

Further, Rule 4 states, "[a] summons must be served with a copy of the complaint." *See* Fed R. Civ. P. 4(c)(1). Rule 4(b) also requires that the summons be signed by the clerk of the district court under seal of the district court, containing the court's name. Fed. R. Civ. P. 4(b). Here, not only did Plaintiff serve the City of Monahans with his First Amended Complaint prior to receiving leave of court to file it, but he also attached it to a Summons that did not contain the Clerk's seal or signature. (Docs 24, 25).

A court cannot exercise jurisdiction over a defendant who was not served with sufficient process. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). Thus, because Plaintiff served Defendant City of Monahans with its Amended Complaint, which is presently

MIDLAND\004785\000376\3738903.1

without legal effect, attached to a Summons that lacks the seal and signature of this Court's Clerk, this Court continues to lack personal jurisdiction over the City of Monahans. As such, Plaintiff's claims against the City of Monahans should be dismissed pursuant to Federal Rules 12(b)(2) and 12(b)(4).

## IV.
## ALTERNATIVELY, PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### 1.      Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957. Further, in *Ashcroft v. Iqbal,* the Supreme Court confirmed that the plaintiff is required to plead more than 'unadorned" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

When reviewing a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. In fact, courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Teague v. Norcold, Inc.*, 774 F. Supp. 2d 817, 820 (N.D. Tex. 2011) (citing *Breen v. Tex. A & M Univ.*, 485 F.3d 325, 336 & n. 11 (5th Cir. 2007).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal* at 1949 (2009)) (internal quotation marks omitted). Specifically, the Supreme Court has articulated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *See Iqbal*, 129 S.Ct. at 1950.

First, the Court is to identify those pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. Second, upon identifying the well-pleaded factual allegations, the Court assumes "they are true and determines whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. *Id*. (quoting Fed R. Civ. P. 8(a)(2)).

Using the plausibility pleading standard, the Court can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence. *Twombly*, 550 U.S. at 558-559. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950; accord *Twombly*, 550 U.S. at 563 n.8 (recognizing that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct").

The *Twombly* Court pointed out that its plausibility standard is not a heightened pleading standard beyond what the Federal Rules of Civil Procedure had always required. *Lormand v. US*

*Unwired, Inc.* 565 F.3d 228, 257-258 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 569 n. 14). Applying the pleading standard to Plaintiff's First Amended Complaint leads to the conclusion that the claims against the Defendants, discussed below, should be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

### 2. Section 1983 Claims

#### a. Plaintiff's Official Capacity Claims against Defendants, if any, are Redundant.

Plaintiff's official capacity claims against Defendants Thee, Esquivel, and Terrazas ("City Official Defendants"), if any, are redundant. The courts have sought to eliminate lingering confusion regarding the distinction between personal and official capacity lawsuits. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (*quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, (1978)). Thus, Plaintiff's official capacity claims, if any, against the City Official Defendants are redundant and should be dismissed.

#### b. City Official Defendants

To the extent Plaintiff attempts to bring § 1983 claims against the City Official Defendants in their individual capacities, Plaintiff's claims fail. *See* (Doc. 15-1) at 6-7. "To state a § 1983 claim, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See* (Doc. 13) at 10 (citing *Cano v. Harlandale Indep. Sch. Dist.*, No. SA-19-CV-01296, 2020 WL 7385843, at *5 (W.D. Tex. Dec. 16, 2020)). In his First Amended Complaint, Plaintiff attempts to allege that he suffered discrimination based on his race, suffered

7

adverse action, was treated differently than similarly situated, non-protected customers, and was subjected to unwelcome harassment, which was based on race. *See* (Doc. 15-1) at 6-7.

Once again, Plaintiff's Amended Complaint is vague and conclusory, neglecting to specifically identify how "he received treatment different from similarly situated non-African American individuals and that the unequal treatment stemmed from a discriminatory intent." *See Preister v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see* (Doc. 13) at 13. Plaintiff attempts to suggest that Terrazas and Esquivel's demand to view Plaintiff's driver's license, unlike that of Dollar Tree Store Manager Mario Javier Molina, was an example of a similarly situated non-African American man being treated differently than Plaintiff, an African American. (Doc. 15-1) at 5. "Similarly situated" means "in all relevant respects alike." *Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021).  However, in his Amended Complaint, Plaintiff states that Molina reported Plaintiff to the police as "an aggressive customer" who was "refusing to leave." (Doc. 15-1) at 5. Thus, Plaintiff was not similarly situated to Molina in his interaction with Esquivel and Terrazas because Plaintiff was suspected of having committed criminal trespass, unlike Molina, who reported the disturbance. (Doc. 15-1) at 4-5. Because Plaintiff still cannot provide an example of how Esquivel and Terrazas treated him differently from a similarly situated non-African American individual and that the unequal treatment stemmed from a discriminatory intent, his § 1983 claims against Esquivel and Terrazas fail. *See* (Doc. 13) at 13-15.

Plaintiff's Amended Complaint again fails to state a § 1983 racial discrimination claim against City Manager Thee. In his First Amended Complaint, Plaintiff failed to allege specific facts articulating how City Manager Thee treated him differently from similarly situated non-

8

African American individuals and that the unequal treatment stemmed from a discriminatory intent. *See Preister*, 354 F.3d at 424 (quoting *Taylor*, 257 F.3d at 473); *se*e (Doc. 15-1) at 4-7; *see also* (Doc. 13) at 13. Plaintiff merely asserts conclusory allegations that City Manager Thee "violated Texas Penal Code § 38.02" and "discriminated against and violated the rights of African American citizens…." without providing any factual detail. *See Iqbal*, 129 S.Ct. at 1950; *see* (Doc. 15-1) at 6-10. Accordingly, Plaintiff has failed to state a § 1983 claim against City Manager Thee, and the Court should dismiss the cause of action.

### i. Qualified Immunity

City Manager Thee, Sergeant Esquivel, and Officer Terrazas hereby assert their defense of qualified immunity and request any discovery be limited until this issue is resolved. A government official performing discretionary functions is entitled to qualified immunity unless his or her conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

Plaintiff bears the burden of pleading and proving a constitutional violation. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Before any court can adjudicate a case such as this on the merits, Plaintiff must overcome the bar of qualified immunity. *See Roberts v. City of Shreveport,* 397 F.3d 287 (5th Cir. 2005). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). The Fifth Circuit does not require an official to demonstrate that he did not violate clearly established federal rights. *Estate of Davis Ex Rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 380 (5th Cir. 2005). In light of the well-established law and Fifth Circuit precedent, Plaintiff must show that the qualified immunity defense does not apply. *See id.*

MIDLAND\004785\000376\3738903.1

"It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southhaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Failure to cite "a preexisting precedential case" that places an officer on notice that the conduct in question violates the Constitution "dooms" a plaintiff's case. *Id*.

Qualified immunity gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Zarnow v. City of Wichita Falls, Tex.,* 500 F.3d 401, 409 (5th Cir. 2007) (citation omitted). The qualified immunity shield is broad and protects actions, even mistakes, which are reasonable under the existing law. *See Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992). The qualified immunity analysis has two steps: (1) the Court determines whether the Plaintiff has alleged the violation of statutory or constitutional rights; and (2) the Court determines whether the Defendants' actions violated the statutory or constitutional rights of which a reasonable person would have known. *Bush v. Strain,* 513 F.3d 492, 500 (5th Cir. 2008) (citing *Flores v. The City of Palacios,* 381 F.3d 391, 395 (5th Cir. 2004). If officials of reasonable competence could disagree as to whether the alleged conduct violated a plaintiff's rights, immunity remains intact. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Here, Plaintiff has once again failed to sufficiently allege the violation of a clearly established constitutional right by any of the City Official Defendants. Plaintiff has not cited a single preexisting precedential case that places the City Official Defendants on notice that their alleged conduct violates the Constitution, which "dooms" his case. *See Vann*, 844 F.3d at 310 (quoting *Cass*, 814 F.3d at 732-33). Because the City Official Defendants are protected by qualified immunity and Plaintiff has not overcome his burden of negating qualified immunity in

10

his First Amended Complaint, his individual capacity claims against the City Official Defendants under § 1983 should be dismissed.

### c.  The City of Monahans

Plaintiff continues to fail to state a § 1983 against the City of Monahans. A municipality may be liable under § 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  No vicarious liability exists under § 1983. *City of Canton v. Harris*, 489 U.S. 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983.") Instead, Plaintiff must show all elements of the "*Monell* test," i.e.: (1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). Thus, a municipality is liable for "acts 'of the municipality—that is, acts which the municipality has officially sanctioned or ordered.'" *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). "A plaintiff cannot hold a municipality liable only for the acts of its employees." *See* (Doc. 13) (citing *Powell v. Ector County*, No. 21-CV-140, 2022 WL 22248279, at *5 (W.D. Tex. Feb. 22, 2022) (citing *Marquez v. Quarterman*, 652 F. Supp. 2d 785, 790 (E.D. Tex. 2009), *R. & R. adopted*, 2022 WL 837776 (W.D. Tex. Mar 9, 2022))).

Here, Plaintiff once again fails to adequately plead an official policy or custom promulgated by the City of Monahans, which was the moving force behind the alleged violation of his constitutional rights. *See Peterson v.*, 588 F.3d at 847; *see also James*, 577 F.3d at 617; *see* (Doc. 15-1). Rather, Plaintiff once again erroneously suggests that the City of Monahans should

11

MIDLAND\004785\000376\3738903.1

be held liable under a *respondeat superior* theory of negligence for the alleged actions of Terrazas and Esquivel. *See* (Doc. 15-1) at 4-10; *see Monell*, 436 U.S. at 694. For these reasons, Plaintiff's § 1983 claim against the City of Monahans fails to state a claim upon which relief can be granted.

### 3.   Texas Penal Code Allegations

Plaintiff once again attempts to improperly assert a claim against Defendants under Tex. Pen. Code § 38.02. (Doc. 15-1) at 7-8.  Tex. Pen. Code § 38.02 does not create a private cause of action. *See, e.g., Randall v. Tex. Dep't of Criminal Justice Emps.*, No. 01-97-00659-CV, 1999 WL 681918, at *6 (Tex. App.—Houston [1st Dist.] Aug. 31, 1999, pet. denied); *Conway v. Lebnertz*, No. 12-04-00050-CV, 2005 WL 468233, at *2 (Tex. App.—Tyler 2005, no pet.). Plaintiff alleges that Esquivel, Terrazas, the City of Monahans, and possibly City Manager Thee violated Tex. Pen. Code § 38.02. *See* (Doc. 15-1) at 4-8. Even assuming, *arguendo,* that these facts are true, Plaintiff cannot bring a civil lawsuit for the violation. *See Randall*, 1999 WL 681918, at *6; *see Conway*, 2005 WL 468233, at *2. Further, Judge Fannin recommended that Plaintiff's previous claims against Defendants for alleged violations of the Texas Penal Code be dismissed with prejudice because the Texas Penal Code does not allow for private rights of action. *See* (Doc. 13) at 23. Because Plaintiff has not cited any case law holding that Tex. Pen. Code § 38.02 creates a private cause of action, the Court should dismiss this cause of action for failing to state a claim upon which relief may be granted.

### 4.   Section 2000a Claims

To state a claim under 42 U.S.C. § 2000a, a plaintiff "must demonstrate that he is a member of a protected class, he contracted for services in a place of public accommodation, he was denied those services, and those services were made available to similarly situated people outside of his protected class." *Smith v. Skilled Healthcare Grp.*, No. A-09-CV-342 LY, 2009 WL10705316, at

MIDLAND\004785\000376\3738903.1

*4 (W.D. Tex. July 8, 2009) (citing *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 350 (5th Cir. 2008). 42 U.S.C. § 2000a(b) specifically defines "places of public accommodation," and Cities are not specifically included. *See* 42 U.S.C. § 2000a(b); *see Brackens v. Big Lots, Inc.*, No. A-06-CA-532 LY, 2007 WL 208750, at *2-3 (W.D. Tex. Jan. 24, 2007) (holding that retail establishments were not considered "places of public accommodation" since they were not specifically included in Title II). Additionally, "[u]nlike many other civil rights statutes, however, 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damage awards." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 244-45 (5th Cir. 1999) (citing 42 U.S.C. § 200a-3 (1999); *Newman v. Piggie Park Ents.*, 390 U.S. 400, 88 S.Ct. 964, 966, 19 L.Ed. 2d 1263 (1968)).

Plaintiff's purported claim under 42 U.S.C. § 2000a fails because Plaintiff's allegations are vague, conclusory, and contain threadbare recitations of a few of the elements of a 42 U.S.C. § 2000a claim. *See Iqbal*, 556 U.S. at 678; *see Smith*, 2009 WL10705316, at *4 (quoting *Fahim*, 551 F.3d at 350). Namely, Plaintiff makes the conclusory allegation that the City of Monahans is a place of public accommodation. (Doc. 15-1) at 4-8. Additionally, Plaintiff failed to plead any facts alleging that he contracted for services with the City of Monahans, the City of Monahans denied him those services, and that those services were made available to similarly situated people outside of his protected class. *See Smith*, 2009 WL10705316, at *4 (quoting *Fahim*, 551 F.3d at 350). Similarly, Plaintiff erroneously seeks monetary damages under 42 U.S.C. § 2000a. *See Bass*, 180 F.3d at 244-45 (citing 42 U.S.C. § 2000a-3 (1999); *Newman*, 88 S.Ct. at 966 (1968)). Because Plaintiff's allegations are vague, conclusory, and contain threadbare recitations of a few elements of a 42 U.S.C. § 2000a claim, his claim fails, and the Court should dismiss this cause of action.

13

### 5.    Plaintiff's State Negligence Claims also fail.

If Plaintiff's negligent retention and supervision claims against the City of Monahans are asserted as state negligence claims under the Texas Tort Claims Act, then those claims are barred under the Act. Plaintiff once again broadly alleges negligent retention and supervision claims against the City of Monahans in his First Amended Complaint, failing to specify whether the claims were brought under 42 U.S.C. § 1983 or the Texas Tort Claims Act. *See* (Doc. 15-1) at 8-10.

A municipality in Texas, as a political subdivision of the State, "is protected from tort claims by governmental immunity." *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). The Texas Tort Claims Act provides a limited waiver of this immunity in three areas when the statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. *Sampson v. University of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).

Here, Plaintiff does not specifically plead any of the three potential waivers of immunity. *See id; see* (Doc. 15-1) at 8-10. Regardless, none of the above waivers of immunity apply because Plaintiff asserts that the City of Monahans is negligent "(a) In retaining Sergeant Esquivel, Officer Terrazas, and City of Monahans—Rex Thee—City Manager in a government capacity; and (b) In failing to supervise Sergeant Esquivel, Officer Terraza, and City of Monahans—Rex Thee—City Manager so as to prevent foreseeable violation of citizens by Sergeant Esquivel, Officer Terrazas, and City of Monahans—Rex Thee—City Manager. *See* (Doc. 15-1) at 9. Since neither negligent retention nor supervision falls under the categories of (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects, the City of Monahans is shielded from liability under the doctrine of governmental immunity.

MIDLAND\004785\000376\3738903.1

*Sampson*, 500 S.W.3d at 384-85. Therefore, Plaintiff's negligence claims, if being asserted under the Texas Tort Claims Act, are barred under the doctrine of governmental immunity.

### 6. The Affidavit of Angela Lopez does not support granting Plaintiff leave to amend and should be struck.

Angela Lopez's Affidavit ("Affidavit") is a standalone document that was neither properly attached to nor referenced in either Plaintiff's Motion for Leave or Plaintiff's First Amended Original Complaint. *See* (Doc. 17); *see also* (Docs. 15, 15-1). Since the Affidavit is not attached to Plaintiff's First Amended Complaint, the Court should not consider the allegations contained within because the Affidavit is outside the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that in ruling on a Rule 12(b)(6) motion, courts limit their review to the face of the pleadings); *see Robinson v. CSL Plasma Center*, Civ. Action No. 21-2520, 2022 WL 4295252, 2022 WL 4295252, at *2 (N.D. Tex. Aug. 25, 2022) (stating that "'pleadings'" for purposes of a Rule 12(b)(6) motion include the plaintiff's complaint, attachments to the complaint, and documents that are attached to a motion to dismiss if they are referred to in the complaint and central to plaintiff's claims.). The Affidavit's caption also indicates that its use was intended for Plaintiff's litigation against Dollar Tree rather than this lawsuit. (Doc. 17). The Affidavit is also incomplete, with words cut off or omitted. *See id.* Since the Affidavit was not properly attached to or referenced in Plaintiff's Motion for Leave or Plaintiff's First Amended Original Complaint, the Court should disregard and strike the Affidavit.

More fundamentally, the Affidavit does not support Plaintiff's claims against the Defendants in this lawsuit. Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). The Affidavit only makes allegations of racial discrimination against non-party Mario Javier Molina and the Hispanic population of Monahans as a whole. (Doc. 17). The

15

Affidavit's contents also contain impermissible hearsay barred by Fed. R. Evid. 802. The Affidavit's contents are thus immaterial to the allegations made in Plaintiff's First Amended Original Complaint against the City of Monahans, Sergeant Esquivel, Former Officer Terrazas, and City Manager Thee. *Compare* (Doc. 17) *with* (Docs. 15, 15-1); *See* Fed. R. Civ. P. 12(f). The Affidavit is of no moment and does not support Plaintiff's First Amended Complaint.

## VI.
## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, the Court should dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(4) due to lack of personal jurisdiction and insufficient process. Alternatively, the Court should dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim for which relief could be granted. Additionally, City Manager Rex Thee, Sergeant Esquivel, and Officer Terrazas are entitled to qualified immunity, and any of Plaintiff's claims against Defendants in their official capacities also fail.

Defendants pray that all of Plaintiff's claims be dismissed as a result of lack of personal jurisdiction due to insufficient process, and, in the alternative, Plaintiff's failure to allege facts which would support any cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that the Plaintiff take nothing by his claims.

MIDLAND\004785\000376\3738903.1

Respectfully submitted,

By:    */s/ Tyler J. Eyrich*

**Tyler J. Eyrich**
State Bar No. 24101741
teyrich@cbtd.com
**Maxwell G. Gaddy**
State Bar No. 24136832
mgaddy@cbtd.com

**COTTON, BLEDSOE, TIGHE & DAWSON, P.C.**
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of December, 2024, a true and correct copy of the foregoing instrument was served via electronic filing system and sent to Plaintiff:

Aaron Tremell Hill, Sr.
13949 Jacktar Street
Corpus Christi, Texas 78418
361-562-8404
Aaronhill73@yahoo.com

*/s/Tyler J. Eyrich*
Tyler J. Eyrich

17