| | | |
|---|---|---|
| AARON TREMELL HILL, SR. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. P-24-CV-00012 |
| | § | |
| CITY OF MONAHANS | § | |
| | § | |
| DEFENDANT, et al, | § | |

On this day came for consideration Plaintiff's Second Response in Opposition to Defendant's Motion to Dismiss for Plaintiff's Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or in the Alternative, Failure to State a Claim in the above-styled and numbered cause. The Court, having considered the pleadings, the arguments and briefs of the parties, the affidavits, other supporting evidence, and papers on file in this case, is of the opinion that Defendant's Motion to Dismiss for Plaintiff's Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or in the Alternative, Failure to State a Claim Statement should be denied.

Accordingly, it is ORDERED that Defendant's Second Motion to Dismiss for Plaintiff's Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or in the Alternative, Failure to State a Claim shall be, and is hereby DENIED.

SIGNED this_____ day of _____, 2025

_____
UNITED STATES DISTRICT JUDGE

1

AARON TREMELL HILL, SR. §
 §
  PLAINTIFF, §
 §
VS §  **CIVIL ACTION NO. P-24-CV-00012**
 §
CITY OF MONAHANS §
 §
  DEFENDANT, et. al §

**PLAINTIFF'S SECOND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, INSUFFICIENT SERVICE OF PROCESS, OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, AARON TREMELL HILL, SR. Plaintiff herein, as a Pro Se Litigant of record, and files this Plaintiff's Second Response in Opposition to Defendant's Motion to Dismiss for Plaintiff's Response in Motion to Dismiss for Plaintiff's Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or, in the alternative, Failure To State a Claim, and in support thereof he will respectfully show this court the following. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**I.**

**INSUFFICIENT PROCESS, SERVICE OF PROCESS, AND LACK OF PERSONAL JURISDICTION**

1. **Plaintiff Has Not Perfected Service**

Process was sufficient under Rule 12(b)(4) because Defendants were served with a summons and complaint as required under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff has sufficiently served a complaint that successfully states a claim upon which relief can be granted. So, the suit should not be dismissed.  Rule 4 states, "[a] summons must be served with a copy of the complaint." *See* Fed R. Civ. P. 4(c)(1). Rule 4(b) also requires that the summons be signed by the clerk of the district court, under seal of the district court, containing the court's name. Fed. R. Civ. P. 4(b).

Plaintiff hired an outside third-party process server to serve appropriate parties. The process server, Eric M. Enim of EME Enterprise Group, LLC D/B/A Special Intelligence Investigation & Legal Support/Texas Process Services of Corpus Christi, Texas, served all parties on April 15, 2024. Rex Thee was served on April 15, 2024 at 12:26 pm, Luis Esquivel was served on April 15, 2024 at 12:31 pm, and Jennifer Terrazas was served on April 15, 2024 at 12:31 pm (signed for by Chief Deputy Mario A. Nunez. See Exhibits. In Addition, Rex Thee was serviced and a picture was taken of him again on December 12, 2024 at 2:30 pm DKT 24. Mayor Adam Steen was serviced, and a picture was taken of him on December 13, 2024 at 11:04 am DKT 25 by Jaime Moreno of Texas Crime & Investigations.

In this case, Plaintiff did serve Defendants with SUFFICIENT PROCESS, SERVICE OF PROCESS, AND LACK OF PERSONAL JURISDICTION. Defendants did receive summons from Plaintiff as required under Rule 4 of the Federal Rules of

This Court does have personal jurisdiction over Defendants in this suit because Plaintiff has sufficiency processed and serviced under Rules 12(b)(2), 12(b)(4), and 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Additionally, "[S]ervice of summons is the procedure by

which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." It is well established under federal law that "service of process must satisfy both the statute under which service is effected and constitutional due process." The complaints were received on March 18, 2024, but were without the attached summons. However, the summons was sent through certified mail on April 2, 2024, signed by the clerk of the district court, under seal of the district court, containing the court's name on March 27, 2024. While the complaint and summons were not sent together, they were both sent.

In this case, Plaintiff served sufficient process upon Defendants by sending both a complaint and a summons to each complaint served as required under Rule 4(c)(1) of the Federal Rules of Civil Procedure. Plaintiff's successful delivery of certified mail service under Tex. R. Civ. P. 106 was sufficient since Plaintiff has been granted pro se plaintiff authority even though he is a party interested in the outcome of this suit. Since Plaintiff did comply with the subsections of Rule 4 of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over Defendants in this suit.

To ensure that this suit is not dismissed on the basis of Insufficient Process, Plaintiff hired an outside third-party process server to serve appropriate parties. The process server, Eric M. Enim of EME Enterprise Group, LLC D/B/A Special Intelligence Investigation & Legal Support/Texas Process Services of Corpus Christi, Texas, served all parties on April 15, 2024. Rex Thee was served on April 15, 2024 at 12:26 pm, Luis Esquivel was served on April 15, 2024 at 12:31 pm, and Jennifer Terrazas was served on April 15, 2024 at 12:31 pm (signed for by Chief Deputy Mario A. Nunez. See Exhibits submitted already. In Addition, Rex Thee was serviced and a picture was taken of him again on December 12, 2024 at 2:30 pm DKT 24. Mayor

Adam Steen was serviced, and a picture was taken of him on December 13, 2024 at 11:04 am DKT 25 by Jaime Moreno of Texas Crime & Investigations.

In this case, Plaintiff did serve Defendants with an effective summons and complaints. Defendants did receive summons and complaints from Plaintiff as required under Rule 4 of the Federal Rules of Civil Procedure. Therefore, this case should not be dismissed. As the Plaintiff previously stated in the second response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**2.      Pro Se Party Must Comply with the Rules**

Process was sufficient under Rule 12(b)(4) because Defendants were served with a summons and complaint as required under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff has sufficiently served a complaint that successfully states a claim upon which relief can be granted. So, the suit should not be dismissed. Rule 4 states, "[a] summons must be served with a copy of the complaint." *See* Fed R. Civ. P. 4(c)(1). Rule 4(b) also requires that the summons be signed by the clerk of the district court, under seal of the district court, containing the court's name. Fed. R. Civ. P. 4(b).

Plaintiff hired an outside third-party process server to serve appropriate parties. The process server, Eric M. Enim of EME Enterprise Group, LLC D/B/A Special Intelligence Investigation & Legal Support/Texas Process Services of Corpus Christi, Texas, served all parties on April 15, 2024. Rex Thee was served on April 15, 2024 at 12:26 pm, Luis Esquivel was served on April 15, 2024 at 12:31 pm, and Jennifer Terrazas was served on April 15, 2024 at

12:31 pm (signed for by Chief Deputy Mario A. Nunez. See Exhibits. In Addition, Rex Thee was serviced and a picture was taken of him again on December 12, 2024 at 2:30 pm DKT 24. Mayor Adam Steen was serviced, and a picture was taken of him on December 13, 2024 at 11:04 am DKT 25 by Jaime Moreno of Texas Crime & Investigations.

In this case, Plaintiff did serve Defendants with SUFFICIENT PROCESS, SERVICE OF PROCESS, AND LACK OF PERSONAL JURISDICTION. Defendants did receive summons from Plaintiff as required under Rule 4 of the Federal Rules of

This Court does have personal jurisdiction over Defendants in this suit because Plaintiff has sufficiency processed and serviced under Rules 12(b)(2), 12(b)(4), and 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Additionally, "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." It is well established under federal law that "service of process must satisfy both the statute under which service is effected and constitutional due process." The complaints were received on March 18, 2024, but were without the attached summons. However, the summons was sent through certified mail on April 2, 2024, signed by the clerk of the district court, under seal of the district court, containing the court's name on March 27, 2024. While the complaint and summons were not sent together, they were both sent.

In this case, Plaintiff served sufficient process upon Defendants by sending both a complaint and a summons to each complaint served as required under Rule 4(c)(1) of the Federal Rules of Civil Procedure. Plaintiff's successful delivery of certified mail service under Tex. R. Civ. P. 106 was sufficient since Plaintiff has been granted pro se plaintiff authority even though

he is a party interested in the outcome of this suit. Since Plaintiff did comply with the subsections of Rule 4 of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over Defendants in this suit.

To ensure that this suit is not dismissed on the basis of Insufficient Process, Plaintiff hired an outside third-party process server to serve appropriate parties. The process server, Eric M. Enim of EME Enterprise Group, LLC D/B/A Special Intelligence Investigation & Legal Support/Texas Process Services of Corpus Christi, Texas, served all parties on April 15, 2024. Rex Thee was served on April 15, 2024 at 12:26 pm, Luis Esquivel was served on April 15, 2024 at 12:31 pm, and Jennifer Terrazas was served on April 15, 2024 at 12:31 pm (signed for by Chief Deputy Mario A. Nunez. See Exhibits submitted already. In Addition, Rex Thee was serviced and a picture was taken of him again on December 12, 2024 at 2:30 pm DKT 24. Mayor Adam Steen was serviced, and a picture was taken of him on December 13, 2024 at 11:04 am DKT 25 by Jaime Moreno of Texas Crime & Investigations.

In this case, Plaintiff did serve Defendants with an effective summons and complaint. Defendants did receive summons and complaints from Plaintiff as required under Rule 4 of the Federal Rules of Civil Procedure. Therefore, this case should not be dismissed. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. The Plaintiff is a Pro Se Litigants and has complied with the rules set forth by the court. This is just another attempt by the Defendants to impede this case.

## II.

### PLAINTIFF HAS NOT STATED A CLAIM AGAINST DEFENDANTS

**1. Plaintiff Failed to State a § 1983 Claim Against the Law Enforcement Defendants**

How does a police officer not know by their policies and procedures that they were sworn to uphold that if an individual who has not been suspected or committed of a crime, does not have to show their identification? This is just a continuation of the defense covering up not following policy and procedures and violating the Plaintiff's § 1983 civil rights. Former Officer Terrazas admitted to Plaintiff that he had not committed no crime (see bodycam). Incompetent police officer(s) are not an excuse to break the law. Texas is not a stop and identify state. According to Tex. Pen Code **§** 38.02, a person is not required to provide identification if they have not been arrested. A person does not have to identify yourself if they are merely detained. As an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations, such as: George Floyd, (*United States v Chauvin*, Case No. 21-cr-108 (PAM/TNL) (D. Minn. Jun. 4, 2021), Breonna Taylor (*United States v Goodlett*, 3:22-cr-00086, (W. D. Ky.), and Botham Jean (*Jean v Guyger*), Civil Action 3:18-cv-02862-M-BH (N.D. Tex. Sep. 29, 2023). By demanding Plaintiff show identification under threat the police officers clearly intentionally violated Texas Penal Code § 38.02 and 42 U.S.C § 1983 Civil Rights Law.

As a defense to a claim for relief, a motion to dismiss for failure to state a claim is provided under rule 12(b)(6) of the Federal Rules pf Civil Procedure. However, the Fifth Circuit has long followed the tradition in favor of liberal pleadings as provided under Rule 12(a) of the Federal Rules of Civil Procedure. *Lowry v Texas A & M University System*, 117 F. 3d 242 (5th Cir. 1997).

Ordinarily, according to the United States Supreme Court, a 12(b)(6) Motion to Dismiss under the Federal Rules of Civil Procedure is not appropriate unless the record reflects that the Plaintiff's factual allegations and claims do not show a right to relief that is plausible and above mere speculation, *Bell Atlantic Corp. v Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As a result, the Fifth Circuit generally views with disfavor a motion to dismiss for failure to state a claim (*Collins v Morgan Stanley Dea Witter*, 224 F. 3rd 496, 498 (5th Cir. 2000)).

In *Crowe v Henry*, 43 F. 3rd 198, 203 (5th Cir. 1995), the court held that a party admits the facts alleged in the complaint when seeking a motion to dismiss for failure to state a claim. However, the moving party challenges the Plaintiff's right to any relief based on those facts.

The standard applied by courts in ruling on a motion to dismiss for failure to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure provides that the courts cannot decide disputed fact issues. Instead, as in the instant case, the court must assume that all material facts contained in the Plaintiff's Original Complaint are true, Tellabs, Inc. v Makor Issues & Rights, Ltd, 127 S. CT. 2499, 2509 (2007). Moreover, based upon this standard, in the Fifth Circuit, the court must indulge all inferences in favor of the Plaintiff, Collins v Morgan Stanley Dean Writer, 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiff makes supported allegations that Sergeant Esquivel and Former Officer Terrazas, in the course of their employment, "knowingly" infringed "on plaintiff's civil rights under the Texas United States Constitutions," and "unlawfully discriminate[d] against plaintiff," causing him damages. Police bodycam footage shows Sergeant Esquivel saying to Plaintiff, "Identify yourself or you will be placed under arrest for failure to ID." In addition, when Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" she responded, "No." In *Loggervale v.*

9

*Holland*, C 20-04679 WHA (N.D. Cal. Jun. 12, 2023) a mother and two teenage daughters, who were completely innocent of any crime, were unlawfully detained by the Alameda County Deputies. They were racially discriminated against, and their civil rights were violated, just like Plaintiff's.

In *Mangum v. Walmart Stores, Inc.* 20CV18273 (2020), the plaintiff was racially profiled, threatened, and had the police called by store employee. The Multnomah County Sheriff deputies who responded to the 911 call, refused to take action against Plaintiff, because the Sheriff Department performed a thorough investigation. These officers protected Plaintiff's civil rights, unlike Esquivel and Terrazas. Neither Sergeant Esquivel nor Former Officer Terrazas did their due diligence in investigating the alleged offense. They did not interview witnesses, they did not interview the Plaintiff, and they did not review camera footage from inside the store. It is also seen on video recorded by Plaintiff that Sergeant Esquivel places his right hand on his firearm while talking to Plaintiff. This is clearly an intimidation tactic by Defendant. Again, as an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations.

Furthermore, when former Officer Terrazas requested the identification of the store manager, he did not have any identification. He went to his car to get his identification but returned telling the officers he did not have his identification there either and nothing happened to him. This clearly shows the Defendants treated the Plaintiff differently than other individuals. These two factors underscore that Plaintiff has set forth more than a bare legal conclusion that he was treated differently. The similarly situated requirement is not an inflexible or rigid formula that requires detailed allegations to meet potential challenges raised by Defendant during the

course of litigation.  As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

### 2.  Plaintiff Failed to State a 42 U.S.C. § 1983 Claim Against the City of Monahans

Police officers are employees of the City of Monahans and therefore the city is responsible for the actions of their employees. When employees willfully engage in a behavior that violates policy and procedures including a citizen's civil rights, the City must be held accountable. In this case, the City of Monahans is responsible for the training, or lack thereof, of the police officers who willingly and blatantly violated Texas Penal Code § 38.02 and Federal Civil Rights Law 42 U.S.C § 1983.

In addition, the City of Monahans failed to adhere to the Texas Public Information Act. When information was requested, multiple times, the City of Monahans did not make available the complete list of requested information, all of which was legally requested and legal to release. Thus, this is evidence that the City of Monahans continues to hide evidence directly related to this case. The Texas Public Information Act (PIA) embodies the State's policy that "each person is entitled, unless otherwise expressly provided bylaw, at all times to complete information about the affairs of government and the official acts of public officials and employees." Under the PIA, the public has a right of access to "public information," a broadly defined term. A governmental body must "promptly" produce public information after receiving a request for disclosure, meaning "as soon as possible under the circumstances, that is, within a reasonable time, without delay." The prompt production of public information furthers the "fundamental philosophy" that "government is the servant and not the master of the people.

Texas law requires public institutions to promptly produce public records no later than 10 business days from receiving a public information request or seeking an opinion from the Texas Attorney General. In the Plaintiffs case, the City of Monahans has failed to provide all requested documents within the 10 business days and has continually attempted to prevent the Plaintiff from obtained the documents requested which is a violation. In *The Hall Law Group, PPLC. v Houston Community College et al* 4:2007cv04832020-31380, the Houston Community College System was ordered to pay more than $291,000 in attorney's fees incurred during a legal dispute alleging the college failed to turn over public records. In *Rogers v City of Austin* 03-11-00563 (Tex App Oct 18, 2011) D-1 GN -15-002291, the City of Austin agreed to pay the Plaintiff $5,000 for violating the Open Records Act. Texas Government Code, Chapter 552, gives the Plaintiff the right to access government records; and an officer for public information and the officer's agent may not ask why you want them. All government information is presumed to be available to the public without discrimination or civil rights violations. The Texas Public Information Act's (PIA) requirements are very simple - provide the documents requested in 10 business days. The City failed to do so, thus should be held accountable.

In addition, the City was negligent in retaining Sergeant Esquivel and Former Officer Terrazas, and in failing to supervise Sergeant Esquivel and Former Officer Terrazas. It is unlawful for police officers to threaten a citizen with arrest if they have not committed a crime or been suspected of committing a crime. Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" and she responded, "No." Again, it is important to state here, that as an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations. The City of Monahans failed to

oversee the actions of their officers and allowed them to use intimidation tactics like threats of arrest and placing hands on their firearms. These are in direct violation of Plaintiff's civil rights as protected under 42 U.S.C. § 1983. Because no crime was committed, and Sergeant Esquivel and Former Officer Terrazas knew Plaintiff had not committed a crime, they both unlawfully discriminated against Plaintiff.

As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**3.   Plaintiff Failed to State Any Claim Against City Manager Rex Thee**

City Manager Rex Thee is the acting head of the municipality and can therefore be specifically held liable under § 1983 for decisions regarding hiring, retention, and supervision if a plaintiff can show deliberate indifference to the known or obvious consequences of such decisions. City Manager Rex Thee knowingly disregarded Plaintiff's civil rights by disregarding the actions of the police and records clerk.

In addition, City Manager Rex Thee failed to comply with Open Records Requests first requested on November 18, 2022. When records were requested numerous times, the records clerk, Chief of Police, City Secretary, and City Manager all failed to produce the requested documents which has impeded the Pursuit of Justice. On or about February 25, 2024, the records clerk admitted they had failed to read the request properly and had made a mistake. Repeated calls to City Manager Rex Thee went unanswered. The Attorney General Office sent a request as well on my behalf; however, the City Manager Rex Thee (Ms. Tonya Todd City Secretary) office continues to violate the Open Records Act by impeding the Plaintiff's case.

Police officers are employees of the City of Monahans ultimately under the City Manager Rex M. Thee and therefore the city is responsible for the actions of their employees. When employees willfully engage in a behavior that violates policy and procedures including a citizen's civil rights, the City must be held accountable. In this case, the City of Monahans is responsible for the training, or lack thereof, of the police officers who willingly and blatantly violated Texas Penal Code § 38.02 and Federal Civil Rights Law 42 U.S.C § 1983.

In addition, the City of Monahans failed to adhere to the Texas Public Information Act. When information was requested, multiple times, the City of Monahans did not make available the complete list of requested information, all of which was legally requested and legal to release. Thus, this is evidence that the City of Monahans continues to hide evidence directly related to this case. The Texas Public Information Act (PIA) embodies the State's policy that "each person is entitled, unless otherwise expressly provided bylaw, at all times to complete information about the affairs of government and the official acts of public officials and employees." Under the PIA, the public has a right of access to "public information," a broadly defined term. A governmental body must "promptly" produce public information after receiving a request for disclosure, meaning "as soon as possible under the circumstances, that is, within a reasonable time, without delay." The prompt production of public information furthers the "fundamental philosophy" that "government is the servant and not the master of the people. Texas law requires public institutions to promptly produce public records no later than 10 business days from receiving a public information request or seeking an opinion from the Texas Attorney General. In the Plaintiffs case, the City of Monahans has failed to provide all requested documents within the 10 business days and has continually attempted to prevent the Plaintiff from obtained the documents requested which is a violation. In *The Hall Law Group, PPLC. v*

*Houston Community College et al* 4:2007cv04832020-31380, the Houston Community College System was ordered to pay more than $291,000 in attorney's fees incurred during a legal dispute alleging the college failed to turn over public records. In *Rogers v City of Austin* 03-11-00563 (Tex App Oct 18, 2011) D-1 GN -15-002291, the City of Austin agreed to pay the Plaintiff $5,000 for violating the Open Records Act. Texas Government Code, Chapter 552, gives the Plaintiff the right to access government records; and an officer for public information and the officer's agent may not ask why you want them. All government information is presumed to be available to the public without discrimination or civil rights violations. The Texas Public Information Act's (PIA) requirements are very simple - provide the documents requested in 10 business days. The City failed to do so, thus should be held accountable.

In addition, the City was negligent in retaining Sergeant Esquivel and Former Officer Terrazas, and in failing to supervise Sergeant Esquivel and Former Officer Terrazas. It is unlawful for police officers to threaten a citizen with arrest if they have not committed a crime or been suspected of committing a crime. Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" and she responded, "No." The City of Monahans failed to oversee the actions of their officers and allowed them to use intimidation tactics like threats of arrest and placing hands on their firearms. Again, as an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations.

These are in direct violation of Plaintiff's civil rights as protected under 42 U.S.C. § 1983. Because no crime was committed, and Sergeant Esquivel and Former Officer Terrazas knew Plaintiff had not committed a crime, they both unlawfully discriminated against Plaintiff.

As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

4.    **Plaintiff's State Tort Claims, if Any, Against City Manager Rex Thee, Sergeant Esquivel, and Former Officer Terrazas are Barred under the Texas Tort Claims Act**

A tort claim outlines an act that causes injury or harm to another party, amounting to a civil wrong that allows the courts to assign liability. Specifically, an injury, in this case, can mean any imposition on another person's legal rights. Additionally, police misconduct can, and does include under the Texas Tort Claims Act, failure to disclose exculpatory evidence; that is, evidence that shows that a person was innocent of the crime. Police clearly caused injury to the Plaintiff because they never investigated the situation. Had they done so, they would have found no evidence of said "aggressive behavior." In *City of Oklahoma v Tuttle* 471 US 808. 105 S. CT. 2427, 85 L. Ed. 2d. 791 (1985) the Supreme Court ruled that the city should be liable under **§** 1983 for unconstitutional acts of their agents that perform under their official duties. In *Monell v New York City Department of Social Services* 436 U. S. 658 S. Ct. 2018, 56 L. Ed 2d 611 (1978) holding that a local government is a "person" subject to suit under Section 1983.

In addition, City Manager Rex Thee failed to comply with Open Records Requests first requested on November 18, 2022. When records were requested numerous times, the records clerk, Chief of Police, City Secretary, and City Manager all failed to produce the requested documents which has impeded the Pursuit of Justice. On or about February 25, 2024, the records clerk admitted they had failed to read the request properly and had made a mistake. Repeated calls to City Manager Rex Thee went unanswered. The Attorney General Office sent a request on behalf of the Plaintiff on April 18, 2024, to no avail; however, the City Manager Rex Thee (Ms.

Tonya Todd City Secretary) office continues to violate the Open Records Act by impeding the Plaintiff's case.

The Plaintiff's legal rights were violated by City Manager Rex Thee, Sergeant Esquivel, and Former Officer Terrazas. Therefore, the tort claims should stand. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**5.      Plaintiff Cannot Allege a Cause of Action for Violations of Tex. Pen. Code § 38.02**

The City of Monahans is negligent in retaining Esquivel and Terrazas in any capacity and in failing to supervise Esquivel and Terrazas so as to prevent foreseeable violations of civil rights. In addition, the City of Monahans is negligent in providing Racial Bias Training, Systemic Racism Training, Racial Profiling Training, and Unconscious or Implicit Bias Associations of African Americans Training. Last, the officers violated the Plaintiffs rights according to Tex Pen Code § 38.02, which specifically states that a person does not have to show identification if they are not under arrest or driving, as well as the other violations including Tex. The Plaintiff was not told that he was under arrest, but he was in custody, unable to leave the premises and was in fear of being arrested or shot. It is important to reiterate here that Sergeant Esquivel threatened Plaintiff with arrest for failure to identify and placed his hand on his firearm in an attempt to intimidate Plaintiff. As an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations As the Plaintiff previously stated in the Second response in Opposition to the

Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**III.**

**<u>PLAINTIFF HAS FAILED TO OVERCOME QUALIFIED IMMUNITY</u>**

Defendants Rex Thee (City Manager), Luis Esquivel (Sergeant, Monahans Police Department), and Jennifer Terrazas (Former Officer, Monahans Police Department), are not entitled to qualified immunity. Qualified Immunity is not statutory law. It was created by the Supreme Court to protect officers and other government agents from frivolous lawsuits when they are performing their duties, using discretion, and operating reasonably. It does not protect a government official/agent when they violate a criminal statute nor when they violate someone's Constitutional Rights. The reasonable standard is based on what other officers would do in a similar situation.

Qualified immunity does not protect a police department or a city. Qualified immunity only protects police officers from personal lawsuits if they are not engaged in behavior violates a citizen's rights. In *Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020), the Supreme Court held that officers were not entitled to qualified immunity because any reasonable officer should have known their actions were unconstitutional. Sergeant Esquivel and Former Officer Terrazas knowingly violated Plaintiff's civil rights 42 U.S.C. §1983 and 14th amendment rights. Police bodycam footage shows Sergeant Esquivel saying to Plaintiff, "Identify yourself or you will be placed under arrest for failure to identify." In addition, when Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" she responded, "No." Tex Pen. Code **§**38.02 - Failure to Identify (a) states a person commits an offense if he or she intentionally refuses to give his or her name, residence address, or date of birth to a peace officer who has lawfully arrested or detained

the person and requested the information. The Plaintiff had not committed a crime, nor was he arrested; therefore, he was not required to show identification. In *Packard v Budja*, No.22-1365 (10th Cir. Nov. 14, 2023) qualified immunity was denied because any reasonable person could conclude that the Defendant posed no threat to anyone and therefore police actions were unreasonable therefore not protected through qualified immunity. In *Armstrong v. Whalen*, CASE NO. C18-0845-JCC (W.D. Wash. Aug. 31, 2020) the Court denied qualified immunity to Defendants based the Court's legal conclusion that the Defendants violated Plaintiff's clearly established Fourth Amendment rights when the evidence was viewed in the light most favorable to Plaintiff.

Defendants Rex Thee (City Manager), Luis Esquivel (Sergeant, Monahans Police Department), and Jennifer Terrazas (Former Officer, Monahans Police Department), are not entitled to qualified immunity. Qualified Immunity is not statutory law. It was created by the Supreme Court to protect officers and other government agents from frivolous lawsuits when they are performing their duties, using discretion, and operating reasonably. It does not protect a government official/agent when they violate a criminal statute nor when they violate someone's Constitutional Rights. The reasonable standard is based on what other officers would do in a similar situation.

Qualified immunity does not protect a police department or a city. Qualified immunity only protects police officers from personal lawsuits if they are not engaged in behavior violates a citizen's rights. In *Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020), the Supreme Court held that officers were not entitled to qualified immunity because any reasonable officer should have known their actions were unconstitutional. Sergeant Esquivel and Former Officer Terrazas knowingly violated Plaintiff's civil rights 42 U.S.C. §1983 and 14th amendment rights. Police

bodycam footage shows Sergeant Esquivel saying to Plaintiff, "Identify yourself or you will be placed under arrest for failure to ID." In addition, when Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" she responded, "No." Tex Pen. Code §38.02 - Failure to Identify (a) states a person commits an offense if he or she intentionally refuses to give his or her name, residence address, or date of birth to a peace officer who has lawfully arrested or detained the person and requested the information. Again, as noted above in *Armstrong v. Whalen*, CASE NO. C18-0845-JCC (W.D. Wash. Aug. 31, 2020) the Court denied qualified immunity to Defendants based the Court's legal conclusion that the Defendants violated Plaintiff's clearly established Fourth Amendment rights when the evidence was viewed in the light most favorable to Plaintiff.

Defendant's conduct clearly violated the Constitution. First, Sergeant Esquivel threatened Defendant with arrest when no crime had been committed. Second, Esquivel placed his hand on his firearm in an extreme act of intimidation. Third, Terrazas failed to protect Plaintiff's civil rights by allowing a fellow police officer to intimidate and threaten Plaintiff. These acts are direct violations of civil rights and further are against Texas Penal Code 38.02 as it is not required for a person to give identification if not arrested. As an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations.

Plaintiff had already left the premises prior to police arriving at the scene. The Plaintiff clearly asked Terrazas, "Have I committed a crime?" she responded, "No." Both officers failed to perform an investigation. No witnesses were questioned. Plaintiff was not questioned. Store video footage was not reviewed until after the criminal trespass warning was issued. These

20

things should have been done prior and would have proven that the Plaintiff was not acting aggressively. Further, this would have proven that a fraudulent claim was made against Plaintiff by the store manager calling 911 to report an aggressive customer. The Defendants failed to even ask the store manager what acts were committed by the Plaintiff to be considered aggressive. The Defendants' demeanor toward the Plaintiff shows racial discrimination and a violation of his civil rights. Should the Defendants have done their due diligence in investigating the issue, they would have concluded that the Plaintiff posed no threat to anyone. Therefore, police actions were unreasonable and thus not protected through qualified immunity.

Again, as noted above, in *Packard v Budja*, No.22-1365 (10th Cir. Nov. 14, 2023) qualified immunity was denied because any reasonable person could conclude that the Defendant posed no threat to anyone and therefore police actions were unreasonable therefore not protected through qualified immunity. In *Armstrong v. Whalen*, CASE NO. C18-0845-JCC (W.D. Wash. Aug. 31, 2020) the Court denied qualified immunity to Defendants based the Court's legal conclusion that the Defendants violated Plaintiff's clearly established Fourth Amendment rights when the evidence was viewed in the light most favorable to Plaintiff. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

## IV.


## <u>CONCLUSION</u>


WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully, requests that

Defendant's Motion to Dismiss for Plaintiff's Lack of Personal Jurisdiction, Insufficient Process,

Insufficient Service of Process, or, in the alternative, Failure to State a Claim, should be denied,

and be awarded his costs, all court costs, processing service fees, and any other relief to which

Plaintiff may be justly entitled to receive.  As the Plaintiff previously stated in the first response

in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit

and should not be dismissed. This is just another attempt by the Defendants to impede this case.


Respectfully submitted,
/s/Aaron Tremell Hill, Sr.
**Aaron Tremell Hill, Sr.**
13949 Jacktar Street
Corpus Christi, Texas 78418
Email: aaronhill73@yahoo.com
361-562-8404
**Pro Se Litigant**

## CERTIFICATE OF SERVICE

I, Aaron Tremell Hill, Sr., do hereby certify that on April 29, 2024 a true and correct copy of the foregoing Plaintiff's Second Response in Opposition to Defendant's Motion to Dismiss for Plantiff's Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, or, in the alternative, Failure to State a Claim, was forwarded to Aaron M. Dorfner Attorney, Tyler J. Eyrich Atorney, Cotton, Bledsoe, Tighe & Dawson a Professional Corporation P. O. Box 2776 Midland, Texas 79702.

**Via E-filing to adorfner@cbtd.com**
Aaron M. Dorfner, Attorney
State Bar No. 24040824
**Via E-filing to teyrich@cbtd.com**
Tyler J. Eyrich, Attorney
State Bar No. 24101741
Cotton, Bledsoe, Tighe & Dawson a Professional Corporation
P. O. Box 2776
Midland, Texas 79702

**ATTORNEYS FOR DEFENDANT (S)**

/s/Aaron Tremell Hill, Sr.
**Aaron Tremell Hill, Sr.**
aaronhill73@yahoo.com
**Pro Se Litigant**