**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| AARON TREMELL HILL, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4-24-CV-00012 |
| | § | |
| CITY OF MONAHANS, | § | |
| Defendant. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, City of Monahans, Rex Thee, Luis Esquivel and Jennifer Terrazas ("Defendants"), in the above-entitled action and file this, their Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction, Insufficient Process, or, in the alternative, Failure to State a Claim and would show the Court the following:

**I.**
**PLAINTIFF'S RESPONSE IS UNTIMELY AND SHOULD BE DISREGARDED**

On December 26, 2024, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 26). On February 9, 2025, approximately six (6) weeks later, Plaintiff filed his Response (Doc. 27). According to Local Court Rule 7(D)(2), "[a] response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the

1

motion as unopposed." *See* Local Court Rule 7(D)(2).[1] Plaintiff had only two (2) weeks to respond to Defendants' Motion, but instead filed his Response almost one month after the deadline. *See id*. Accordingly, the Court should disregard Plaintiff's Response (Doc. 27) as being untimely.

**II.**

**INSUFFICIENT PROCESS AND LACK OF PERSONAL JURISDICTION OVER THE CITY OF MONAHANS**

Plaintiff contends that he properly served the City of Monahans and that the pictures of service on City Manager Thee and Mayor Steen categorically prove proper service regardless of the documents' contents. *See* (Doc. 27) at 2-3. However, Plaintiff improperly served the City of Monahans with his First Amended Complaint, rather than his Original Complaint, prior to this Court granting him Leave to Amend. *See* (Docs. 15, 24, 25). Defendants also responded in opposition Plaintiff's Motion for Leave. *See* (Doc. 19). Because the Court has not granted Plaintiff Leave to Amend his Complaint, Plaintiff's service of his First Amended Complaint on the City of Monahans was improper and without legal effect. *See* (Doc. 15); see *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (stating that "[t]he failure to obtain leave results in an amended complaint having no legal effect."). Further, Rule 4 states, "[a] summons must be served with a copy of the complaint." *See* Fed R. Civ. P. 4(c)(1). Rule 4(b) also requires that the summons be signed by the clerk of the district court under seal of the district court, containing the court's name. Fed. R. Civ. P. 4(b).

Here, not only has Plaintiff served an Amended Complaint that has no legal effect, but it was also attached to a deficient summons. *See U.S. ex rel. Mathews*, 332 F.3d at 296. Plaintiff's error is more than a simple technical mistake because his First Amended Complaint lacks any legal

---

[1] Local Rule 15(a)-(b) provides the time limit for responding to a 12(b) Motion by filing an Amended *pleading* and is thus not applicable. *See* Local Court Rule 15(a)-(b).

effect until the Court rules on his Motion for Leave. *See id*. Therefore, since Plaintiff served the City of Monahans with his Amended Complaint, which is without legal effect, attached to a Summons that lacks the seal and signature of this Courts Clerk, this Court continues to lack personal jurisdiction over the City of Monahans. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). Accordingly, Plaintiff's claims against the City of Monahans should be dismissed under Federal Rules 12(b)(2) and 12(b)(4).

**III.**
**PLAINTIFF HAS NOT STATED A CLAIM AGAINST DEFENDANTS**

**1. Plaintiff Failed to State a § 1983 Claim Against the City Official Defendants**

Defendants moved to dismiss Plaintiff's claims in his First Amended Complaint against Sergeant Esquivel, Officer Terrazas, and City Manager Thee ("City Official Defendants") based on his official capacity claims being redundant and his § 1983 individual capacity racial discrimination claims failing. (Doc. 15-1) at 4-7); *see* (Doc. 26). In response, Plaintiff continues to erroneously rely on the City Official Defendants' purported violation of Tex. Pen. Code § 38.02, along with numerous cases from outside the Fifth Circuit's jurisdiction. *See* (Doc. 27) at 8-10. Plaintiff continues to allege that Defendants Esquivel and Terrazas treated him differently to Dollar Tree Store Manager Javier Molina. *See* (Doc. 27) at 10-11. However, as Defendants highlighted in their Motion to Dismiss (Doc. 26), "[s]imilarly situated" means "in all relevant respects alike." *Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021). Even in his Amended Complaint, Plaintiff states that Molina reported Plaintiff to the police as "an aggressive customer" who was "refusing to leave." (Doc. 15-1) at 5. Thus, Plaintiff was not similarly situated to Molina in his interaction with Esquivel and Terrazas because Plaintiff was suspected of having committed criminal trespass, unlike Molina, who reported the disturbance. (Doc. 15-1) at 4-5. Since Plaintiff still cannot provide an example of how Esquivel and Terrazas treated him differently from a

similarly situated non-African American individual and that the unequal treatment stemmed from a discriminatory intent, his § 1983 claims against Esquivel and Terrazas are vague and conclusory and should be dismissed. *See* (Doc. 13) at 13-15; *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Without responding to Defendants' arguments concerning the merits of his racial discrimination claims against City Manager Thee, Plaintiff alleges alternative and unsupported new claims against Thee individually for negligent hiring, retention, and supervision of Sergeant Esquivel and Officer Terrazas under § 1983 in addition to a claim for violating the Texas Public Information Act. (Doc. 27) at 13-14. These causes of action were not brought against City Manager Thee in Plaintiff's First Amended Complaint (Doc. 15-1). Since these new claims are not properly before the Court, they should be disregarded. *See* (Doc. 15-1); *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that in ruling on a Rule 12(b)(6) motion, courts limit their review to the face of the pleadings); *see Robinson v. CSL Plasma Center*, Civ. Action No. 21-2520, 2022 WL 4295252, 2022 WL 4295252, at *2 (N.D. Tex. Aug. 25, 2022) (stating that "'pleadings'" for purposes of a Rule 12(b)(6) motion include the plaintiff's complaint, attachments to the complaint, and documents that are attached to a motion to dismiss if they are referred to in the complaint and central to plaintiff's claims.).

### 2. Plaintiff Failed to State a § 1983 Claim Against the City of Monahans

Plaintiff has not properly alleged a negligent supervision and retention claim under 42 U.S.C. § 1983 against the City of Monahans in his suit. In his Response, Plaintiff alleges that:

> Police officers are employees of the City of Monahans and therefore the city is responsible for the actions of their employees. When employees willfully engage in a behavior that violates policy and procedures including a citizen's civil rights, the City must be held accountable.

*See* (Doc. 27) at 11. Plaintiff misstates recognized federal law concerning municipal liability under 42 U.S.C. § 1983 by claiming that a municipality is vicariously liable for the actions of its

employees. A municipality may be liable under § 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). No vicarious liability exists under § 1983. *City of Canton v. Harris*, 489 U.S. 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983.") Instead, Plaintiff must demonstrate all elements of the "*Monell* test," i.e.: (1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). "A plaintiff cannot hold a municipality liable only for the acts of its employees." *See* (Doc. 13) (citing *Powell v. Ector County*, No. 21-CV-140, 2022 WL 22248279, at *5 (W.D. Tex. Feb. 22, 2022) (citing *Marquez v. Quarterman*, 652 F. Supp. 2d 785, 790 (E.D. Tex. 2009), *R. & R. adopted*, 2022 WL 837776 (W.D. Tex. Mar 9, 2022))).

In his Amended Complaint and Response, other than alleging that the City of Monahans is liable for the actions of its employees, Plaintiff does not allege any widespread policies or practices adopted by the City of Monahans regarding the negligent supervision or retention of law enforcement officers, which were the moving force behind the violation of his constitutional rights, as required to properly allege a § 1983 claim against a municipality based on negligent supervision and retention. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998); and *Tuchman,* 14 F.3d at 1067. Plaintiff further fails to plead facts alleging the City of Monahans' deliberate indifference to the known or obvious consequences of its retention and supervision practices. *See Gros v. City of Grand Prairie*, 209 F.3d 431, 433-34 (5th Cir. 2000). As previously stated, the focus of this Court's inquiry is whether

Plaintiff has pleaded allegations for which relief against the City of Monahans could be possible within the four corners of his Complaint; because he failed to do so, the Court should dismiss his § 1983 claims against the City of Monahans.

Plaintiff further alleges in his Response that the City of Monahans is liable under § 1983 for negligent training of and violating the Texas Public Information Act. *See* (Doc. 27) at 11-12. Since Plaintiff failed to plead these allegations in his Amended Complaint, they should not be considered. *See* (Doc. 15-1) at 9 (specifically pleading claims for negligent retention and supervision, but not negligent training); *see Spivey*, 197 F.3d at 774; *see Robinson*, 2022 WL 4295252, at *2.

### 3. Plaintiff's State Tort Claims, if any, Against the City of Monahans, are Barred Under the Texas Tort Claims Act

Plaintiff failed to cite any case law or legal authority beyond a definition of a tort claim and the unsupported statement that "police misconduct can, and does include under the Texas Tort Claims Act…." to support his argument that his state tort claims against the City of Monahans, if any, should remain in this suit. *See* (Doc. 27) at 16-17. This is insufficient to overcome Supreme Court of Texas or Circuit Court Precedent on the application of the Texas Tort Claims Act. Because Plaintiff has not cited any authority that permits him to bring his state tort claims against the City of Monahans, the City of Monahans is entitled to dismissal of his claims to the extent they exist.

Precedent from the Supreme Court of Texas illustrates how Plaintiff's state tort claims against the City of Monahans under the Texas Tort Claims Act. *See, e.g., Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009); *Chavez v. Alvarado*, 550 F.Supp.3d 439, 450-51 (S.D. Tex. 2021); *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011); and Tex. Civ. Prac & Rem. Code § 101.106. Defendant also cited authority under the Supreme Court of Texas that describes

6

how municipalities like the City of Monahans are entitled to governmental immunity under the Texas Tort Claims Act, which bars Plaintiff's state tort claims. *See, e.g., City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *Sampson v. University of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (outlining the three limited waivers of governmental immunity). To the extent Plaintiff attempts to assert these claims, they should be dismissed. To the extent Plaintiff is attempting to bring state tort claims against the Government Official Defendants, those claims should be disregarded since he did not allege them in his First Amended Complaint. *See* (Doc. 15-1); *see Spivey*, 197 F.3d at 774; *see Robinson*, 2022 WL 4295252, at *2

### 4. Plaintiff Cannot Allege a Cause of Action for Violations of Tex. Pen. Code § 38.02

Tex. Pen. Code § 38.02 does not create a private cause of action. *See, e.g., Randall v. Tex. Dep't of Criminal Justice Emps.*, No. 01-97-00659-CV, 1999 WL 681918, at *6 (Tex.App.—Houston [1st Dist.] Aug. 31, 1999, pet. denied); *Conway v. Lebnertz*, No. 12-04-00050-CV, 2005 WL 468233, at *2 (Tex. App.—Tyler 2005, no pet.). Plaintiff does not attempt to respond to Defendants' argument that Tex. Pen. Code § 38.02 does not create a private cause of action; rather, he cites facts from his First Amended Complaint and facts outside of his First Amended Complaint to allege that Esquivel and Terrazas violated Tex. Pen. Code § 38.02. *See* (Doc. 27) at 8-20. Even assuming *arguendo*, that this was true, Plaintiff cannot bring a civil lawsuit for the violation. *See Randall*, 1999 WL 681918, at *6; *see Conway*, 2005 WL 468233, at *2. Because Plaintiff has not cited any authority that holds that Tex. Pen. Code § 38.02 creates a private cause of action; Defendants are entitled to dismissal of his claims.

Further, to the extent that Plaintiff pleads facts and alleges that the City of Monahans was negligent in not providing racial bias training and implicit bias training, the Court should disregard

Plaintiff's allegations since the facts and claim are outside of his Original Complaint. *See* (Doc. 27) at 17; *see* (Doc. 15-1); *see Spivey*, 197 F.3d at 774.

**IV.**
**<u>PLAINTIFF HAS FAILED TO OVERCOME QUALIFIED IMMUNITY</u>**

In the alternative, City Manager Thee, Sergeant Esquivel, and Officer Terrazas are entitled to qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). An official is not required to demonstrate that he did not violate clearly established federal rights. *Estate of Davis Ex Re. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005).

"It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality'" *Vann v. City of Southhaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Failure to cite "a preexisting precedential case" that places an officer on notice that the conduct in question violates the Constitution "dooms" a plaintiff's case. *Id.*

Once again, Plaintiff cites *Taylor v. Riojas*, *Packard v. Budaj*, *Armstrong v. Whalen*, and Tex. Pen. Code § 38.02 in an attempt to support his broad claim that Sergeant Esquivel, Officer Terrazas, and City Manager Thee are not entitled to qualified immunity as a result of allegedly violating his civil and 14th Amendment rights. *Taylor v. Riojas*, 592 U.S. 7 (2020); *Packard v. Budaj*, 86 F.4th 859 (10th Cir. 2023); and *Armstrong v. Whalen*, 465 F.Supp.3d 1165 (W.D. Washington 2020). All three cases are heavily distinguishable. In *Taylor*, the plaintiff brought Eighth Amendment violation under § 1983 against officers who confined him in a cell contaminated with feces. *See Taylor*, 592 U.S. at 7. Further, in *Packard*, the court held that law enforcement officers were not entitled to qualified immunity in a Fourth Amendment-excessive

8

force claim where officers shot a protester in the head with a beanbag gun after he kicked away a tear gas canister, causing him severe injuries. *See Packard*, 86 F.4th 859, 862-63. Likewise, in *Armstrong*, the court held that police officers were not entitled to qualified immunity in a § 1983 action where the plaintiff alleged excessive force and a violation of Title II of the ADA because officers used a stun gun on plaintiff multiple times while he was injured. *See Armstrong*, 465 F.Supp.3d at 1167-69.

Plaintiff fails to focus on the totality of the material circumstances in this case, and his failure to identify any cases with facts even roughly comparable to the facts at issue similarly dooms his case. *Vann*, 884 F.3d at 310; *Cass*, 814 F.3d at 733 (granting qualified immunity even though the defendant did not cite any cases in his favor to the district court because plaintiffs bear the burden of showing specific law on point). Because Plaintiff has failed to identify case law with facts even roughly comparable to the facts herein to put the constitutional question beyond debate, Plaintiff has failed to meet his burden to overcome Defendants' qualified immunity as a matter of law. *Vann*, 884 F.3d at 310. Plaintiff also asserts that Defendants violated his Fourth Amendment Rights, which was not previously raised in his Amended Complaint and should be disregarded. *See Spivey*, 197 F.3d at 774; *see Robinson*, 2022 WL 4295252, at *2; *see* (Doc. 27) at 20.

Plaintiff's reliance on California and Oregon case law similarly does not meet his burden to overcome qualified immunity. *See Loggervale v. Holland*, 677 F.Supp.3d 1026 (N.D. Cal. 2023); *see Mangum v. Wal-Mart Inc.*, JVR No. 2212270022, 2022 WL 17961168 (Or. Cir. Aug. 19, 2022); *see* (Doc. 27) at 8-10. Neither case is factually similar, nor do they have precedential value since they are premised upon the state-specific law.

Other than attempting to allege new causes of action against City Manager Thee, Plaintiff merely asserts that he is not entitled to qualified immunity and does not identify in his First

Amended Complaint or Response any specific conduct on the part of Rex Thee that was unconstitutional or implicated a clearly established federal right. *See* (Doc. 15-1) at 4-11; *see* (Doc. 27) at 13-16, 18-19. Because Defendants are protected by qualified immunity and Plaintiff has not overcome his burden to negate qualified immunity, the Court should dismiss Plaintiff's claims against City Manager Rex Thee, Sergeant Esquivel, and Officer Terrazas.

**V.**
**<u>CONCLUSION</u>**

WHEREFORE, PREMISES CONSIDERED, Plaintiff's Response to Defendant's Motion should be dismissed as untimely and Plaintiff's claims in his First Amended Complaint (Doc. 15-1) against Defendants should be dismissed due to lack of personal jurisdiction and insufficient process. Alternatively, Plaintiff has not sufficiently pleaded that Defendants violated his federally protected rights and Defendants are entitled to qualified immunity. Defendants pray that the Court deny all of Plaintiff's causes of action against them and for such other and further relief to which they are justly entitled.

Respectfully submitted,

By:    */s/ Tyler J. Eyrich*             
       **Tyler J. Eyrich**
       State Bar No. 24101741
       teyrich@cbtd.com
       **Maxwell G. Gaddy**
       State Bar No. 24136832
       mgaddy@cbtd.com

       **COTTON, BLEDSOE, TIGHE & DAWSON, P.C.**
       A Professional Corporation
       P. O. Box 2776
       Midland, Texas 79702
       (432) 684-5782
       (432) 682-3672 (Fax)

       **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2025, a true and correct copy of the foregoing instrument was served via electronic filing system and sent to Plaintiff:

Aaron Tremell Hill, Sr.
13949 Jacktar Street
Corpus Christi, Texas 78418
361-562-8404
Aaronhill73@yahoo.com

/s/Tyler J. Eyrich
Tyler J. Eyrich