IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **AARON TREMELL HILL, SR.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE-24-CV-00012-DC-DF** |
| | § | |
| **CITY OF MONAHANS, et al.,** | § | |
| *Defendants.* | § | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

Before the Court is Plaintiff's *pro se* Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 15), Defendants' Notice of Assertion of Qualified Immunity and Motion for Order Limiting Discovery (Doc. 4), and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, or, alternatively, Failure to State a Claim (Doc. 26). This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Leave to Amend be **DENIED**. (Doc. 15). The Court also **RECOMMENDS** Defendants' Motion for an Order Limiting Discovery and their Motion to Dismiss be **DENIED** as **MOOT**. (Docs. 4, 26).

### BACKGROUND

On September 9, 2022, *pro se* Plaintiff Aaron Tremell Hill, Sr., ("Plaintiff") claims he was shopping in the Dollar Tree in Monahans, Texas. (Doc. 15-1 at 4). Within moments of entering the Dollar Tree, his experience became hostile, and he was

subjected to racial harassment. *Id.* at 6. Dollar Tree's manager, Mario Javier Molina ("Molina"), "began to stalk, spy, and harass" Plaintiff, but not the Hispanic and white customers. *Id.* When Plaintiff attempted to check out, Molina refused to serve Plaintiff and called the City of Monahans Police allegedly reporting "an aggressive customer … refusing to leave." *Id.*

Sergeant Esquivel and Officer Terrazas responded to the call. On their arrival, Plaintiff was outside the Dollar Tree and preparing to enter another store. *Id.* Plaintiff claims Molina pointed at him and instructed Sergeant Esquivel and Officer Terrazas to "issue a criminal trespass on him." *Id.* Officer Terrazas approached Plaintiff and asked for his driver's license. *Id.* Plaintiff "politely refused" and "reminded" her that, under Texas law, a person need not identify if he or she has not committed a crime. *Id.* at 5. Sergeant Esquivel then approached Plaintiff with his hand on his firearm and told Plaintiff he would go to jail if he did not provide his driver's license. *Id.* At this point, Plaintiff feared for his life. *Id.*

The officers also asked Molina for his driver's license. *Id.* Molina did not have a driver's license despite driving a vehicle on the premises. *Id.* No action was taken against Molina. *Id.* Plaintiff believes the fact Molina was not harassed by Sergeant Esquivel and Officer Terrazas for not having his license shows the officers were racist towards Plaintiff. *Id.* Plaintiff also believes the officers "unlawfully detained" and "targeted" him because he is an African American man. *Id.* In the end, Plaintiff was issued a criminal trespass warning and left the premises. *Id.*

After Plaintiff left, the officers reviewed the Dollar Tree security footage. Plaintiff claims the footage shows Molina "skipping around … attempting to conceal evidence of the incident." *Id.* Molina purportedly refers to Plaintiff as "those people" and tells the officers "[y]ou can tell he isn't from around here. I know that." *Id.* Plaintiff further alleges Sergeant Esquivel predicted Plaintiff would file a complaint, and said to Molina about the incident, "I can just imagine how he was acting with you since he did not want to cooperate with me without viewing the [security] footage." *Id.* Plaintiff attributes these statements to him being African American. *Id.*

Because of these events, Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants Sergeant Esquivel, Officer Terrazas, City Manager Rex Thee ("City Manager Thee"), and the City of Monahans for racial discrimination in violation of the Equal Protection Clause under the Fourteenth Amendment and Title II of the Civil Rights Act. Plaintiff further claims Sergeant Esquivel and Officer Terrazas violated the Texas Penal Code and the City of Monahans negligently supervised and retained Sergeant Esquivel, Officer Terrazas, and City Manager Thee.

On April 4, 2024, Defendants moved to dismiss Plaintiff's Original Complaint. (Doc. 4). The U.S. Magistrate Judge issued a report and recommendation (R. & R.), recommending the District Court grant Defendants' Motion but also recommending Plaintiff be given the opportunity to seek leave to amend. (Doc. 13). Before the R. & R. was adopted, Plaintiff moved for leave to amend with his Amended Complaint attached. (Docs. 15, 15-1). Defendants timely opposed the Motion. (Doc. 19). Defendants highlighted within their Response that Plaintiff once again failed to serve the City of

Monahans. *Id.* at 3–4. This prompted Plaintiff to serve his First Amended Complaint, without leave of Court, on the City of Monahans. (Docs. 20, 21, 24).

The District Court then adopted the R. & R. on December 6, 2024. (Doc. 23). After the R. & R. was adopted, Defendants moved to dismiss the Amended Complaint "out of an abundance of caution" because Plaintiff served it on the City of Monahans without leave. (Doc. 26 at 1–2). As a result, Plaintiff's Motion for Leave to Amend and Defendants' Motion to Dismiss are fully briefed and ripe for disposition. The Court turns first to Plaintiff's Motion for Leave to Amend.

## LEGAL STANDARDS

When, as here, a district court dismisses the complaint, but does not terminate the action, the plaintiff may ask for leave to amend under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992)). Federal Rule 15(a), instructs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15. Where the proposed amendment would be futile, however, leave to amend should be denied. *See Stripling v. Jordan Prods. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Amendment is futile if the amended complaint fails to state a claim on which relief can be granted. *Id.* Futility is determined using "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*; *see Casaubon v. Tex. Mut. Ins.*, No. 19-CV-617, 2025 WL 1387077, at *2 (W.D. Tex. May 8, 2025).

Under Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d

4

322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* (citing *Bass*, 669 F.3d at 506). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).

Relevant to this case, allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance with standards demanded of lawyers "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id*. at 195. Even though

*pro se* pleadings are held to a less stringent standard, courts must be able to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Applying the Rule 12(b)(6) standard and construing the Amended Complaint liberally, Plaintiff fails to plead a claim on which relief may be granted.[1]

### DISCUSSION

A myriad of issues barricade Plaintiff's Amended Complaint from moving forward. Some of these issues—such as whether the City of Monahans was properly served and the fact the Amended Complaint names only the City of Monahans as a Defendant, despite claims mainly against Seargeant Esquivel, Officer Terrazas, and City Manager Thee—the Court overlooks in favor of the merits.[2] Yet even overlooking these significant issues, Plaintiff still fails to state any plausible claim for relief.

### I.    Federal Claims

#### A.    Plaintiff fails to plead § 1983 claims against the Government Official Defendants

As with his Original Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against Officer Terrazas, Sergeant Esquivel, and City Manager Thee (collectively, the "Government Official Defendants"). (Doc. 15-1 at 6–7). "Section 1983 prohibits 'persons' acting under the color of law from depriving another of any 'rights, privileges, and immunities secured by the Constitution and laws.'" *Cano v. Harlandale Indep. Sch.*

---

1. The City of Monahans contends it was not properly served. Because the Court denies leave to amend, it need not consider the service issue.

2. Plaintiff was instructed to list all Defendants in any amended complaint. (Doc. 13 at 22–23).

6

*Dist.*, No. SA-19-CV-01296, 2020 WL 7385843, at *5 (W.D. Tex. Dec. 16, 2020) (citing 42 U.S.C. § 1983). To succeed under § 1983, Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Id.* Once again, the Court reads Plaintiff's Amended Complaint to allege § 1983 claims against the Government Official Defendants for racial discrimination in violation of the Equal Protection Clause under the Fourteenth Amendment. (Doc. 15-1).

The Court explained at length in the last R. & R. that public officials may be sued under § 1983 in their individual and official capacities. (Doc. 13 at 12). The Court also explained Plaintiff's failure to state whether he sued the Government Official Defendants in their individual or official capacities created a problem because "[a] suit against a government official in his [or her] official capacity is a suit against the government entity." *Id.* (quoting *Kinnison v. City of San Antonio*, No. SA-08-CA-421, 2009 WL 578525, at *2 (W.D. Tex. Mar. 5, 2009) (citations omitted)). Despite this, Plaintiff once more fails to clarify in what capacity he brings his claims. (Doc. 15-1). Because Plaintiff sues the City of Monahans, the government entity, any claim Plaintiff brings against the Government Official Defendants in their official capacities is redundant of his claims against the City of Monahans. Ergo Plaintiff fails to state official capacity claims against the Government Official Defendants. (Doc. 19 at 4).

The same is true, albeit for different reasons, with respect to any individual capacity claim Plaintiff brings against the Government Official Defendants. A § 1983 racial discrimination claim under the Equal Protection Clause requires Plaintiff to allege

"he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Preister v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004) (citing *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). Defendants argue Plaintiff's attempts to show Officer Terrazas and Sergeant Esquivel treated Molina differently than Plaintiff fall short because Molina was not similarly situated to Plaintiff. (Doc. 19 at 5). The Court is inclined to agree.

"The Fifth Circuit defines 'similarly situated' narrowly." *Celious v. Worley Ltd.*, No. 22-811, 2025 WL 976601, at *5 (S.D. Tex. Mar. 31, 2025). "Individuals are similarly situated when they are 'in all relevant aspects alike.'" *Familias Unidas Por La Educación v. El Paso Indep. Sch. Dist.*, 633 F. Supp. 3d 888, 895 (W.D. Tex. 2022). Plaintiff and Molina are not "in all relevant aspects alike." *Id.* Plaintiff was a customer, while Molina was the Dollar Tree manager. (Doc. 15-1 at 4). And, as pleaded, Molina "called the police, reporting 'an aggressive customer … refusing to leave.'" *Id.* Sergeant Esquivel and Officer Terrazas responded to Molina's call about Plaintiff, and when they arrived, Plaintiff, in his own words, "refused" to provide his driver's license. *Id.* Unlike Plaintiff, however, Molina did not have a driver's license to hand over, so he did not "refuse." *Id.* The Court is thus unpersuaded Sergeant Esquivel and Officer Terrazas' differential treatment of Molina is indicative of discriminatory intent.

More problematic, however, is what Plaintiff pleads in his Amended Complaint. Plaintiff does not plead he was similarly situated to Molina. Rather, he pleads he was "treated differently than similarly situated, non-protected customers." (Doc. 15-1 at 7). Such an allegation may support Plaintiff's claims against Molina, but it does not

support Plaintiff's allegations against Sergeant Esquivel and Officer Terrazas. Plaintiff pleads no facts showing Sergeant Esquivel and Officer Terrazas treated any customer—white or Hispanic—differently than him. The only person he makes such discriminatory allegations against is Molina, but Molina is not a defendant—nor a City of Monahans employee. Because Plaintiff does not allege Sergeant Esquivel, Officer Terrazas, or *any* other Defendant treated Hispanic and white shoppers more favorably than him in "nearly identical" circumstances, the Court agrees with Defendants—Plaintiff does not state a § 1983 claim against Sergeant Esquivel or Officer Terrazas. *See Tamfu v. Natarajan*, No. SA-11-CA-758, 2011 WL 6328697, at *7 (W.D. Tex. Dec. 15, 2011) (dismissing an equal protection claim for failing to allege defendants treated him less favorably than nearly identical, similarly situated people); *Cameron v. Christian*, No. SA-06-CA-325, 2006 WL 8434069, at *11 (W.D. Tex. Oct. 13, 2006) (dismissing an equal protection claim because the plaintiff provided no factual allegations about those she was similarly situated to), *R. & R. adopted*, 2006 WL 8434160 (W.D. Tex. Nov. 17, 2006).

Turning to City Manager Thee, Defendants raise a similar argument. Defendants contend Plaintiff fails to allege how City Manager Thee treated him differently from similarity situated non-African Americans and provides no allegations to show the unequal treatment stemmed from discriminatory intent. (Doc. 19 at 5). While the Court agrees, it takes Defendants' argument one step further: Plaintiff fails to allege any facts attributable to City Manager Thee as to his § 1983 claim. And this is a big hurdle for Plaintiff to overcome because "[p]laintiffs suing government officials in their individual capacities [] must allege specific conduct giving rise to a constitutional violation." *Oliver*

*v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). Such allegations must also be more than "conclusory assertions." *Id.* (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)). Here, no factual foothold secures Plaintiff's § 1983 claim against City Manager Thee.

Plaintiff mentions City Manager Thee six times in his Amended Complaint. Twice under his frivolous, as discussed below, Texas Penal Code claim, and four times under his negligent supervision and retention claim. (Doc. 15-1 at 7–9). None of these mentions touch on Plaintiff's § 1983 claim, and even if they did, all are "conclusory assertions."[3] Plaintiff attributes no specific conduct to City Manager Thee. As a result, Plaintiff fails to state an individual capacity claim under § 1983 as to City Manager Thee.

Taken altogether, Plaintiff fails to plead § 1983 official and individual capacity claims against the Government Official Defendants.

### B. Plaintiff fails to plead a *Monell* claim against the City of Monahans

Plaintiff also reattempts his § 1983 claim against the City of Monahans for negligently supervising and retaining the Government Official Defendants.[4] (Doc. 15-

---

3. While Plaintiff pleads the City of Monahans was aware "Sergeant Esquivel, Officer Terrazas and City of Monahans—Rex Thee—City Manager had, on previous occasions, has [sic] discriminated against and violated the rights of African American citizens by the Monahans police department," these allegations were made under his negligence cause of action. (Doc. 15-1 at 9). Plus, as Defendants point out, these allegations do not show City Manager Thee treated him differently from similarly situated non-African Americans. (Doc. 19 at 5).

4. As read, Plaintiff brings his claim against the City of Monahans, but he incorrectly titles the cause of action against "Defendant Dollar Tree." (Doc. 15-1 at 8) ("Negligent Supervision or Retention – Dollar Tree"). Dollar Tree is not a defendant in this case, and even if it was, Plaintiff

1 at 8–9). As laid out in the last R. & R., to bring a § 1983 claim against a municipality, also known as a *Monell* claim, the plaintiff must allege a constitutional violation arising from the execution of a government policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). The plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)). Liability attaches to the municipality's acts; it cannot be held liable only for the acts of its employees. *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)); *Powell v. Ector County*, No. 21-CV-140, 2022 WL 22248279, at \*5 (W.D. Tex. Feb. 22, 2022) (citation omitted), *R. & R. adopted*, 2022 WL 837776 (W.D. Tex. Mar. 9, 2022). Put simply, to hold the City of Monahans liable under § 1983, Plaintiff must plead the City's final policymaker knew about or had constructive knowledge of persistent and widespread constitutional violations that were the driving force behind the alleged constitutional violation. *Wolber v. Round Rock Indep. Sch. Dist.*, No. 19-CV-602, 2020 WL 5026870, at \*2 (W.D. Tex. Aug. 25, 2020), *appeal dismissed*, No. 20-51027, 2021 WL 2555472 (5th Cir. Apr. 20, 2021). Plaintiff makes no such showing.

Reading the Amended Complaint liberally, Plaintiff alleges the City of Monahans violated his civil rights by negligently supervising and retaining the

---

cannot bring a § 1983 claim against it. *Hill v. Dollar Tree*, No. 24-CV-00011, 2024 WL 4823871, at \*2–3 (W.D. Tex. Oct. 30, 2024), *R. & R. adopted*, 2024 WL 4823237 (W.D. Tex. Nov. 18, 2024).

Government Official Defendants. (Doc. 15-1 at 9). But, once more—despite clear guidance from the Court—Plaintiff mentions no official municipal policy—written or otherwise—capable of supporting his *Monell* claim against the City of Monahans. *Hill v. City of Monahans*, No. 24-CV-00012, 2024 WL 5038572, at *8–9 (W.D. Tex. Oct. 30, 2024), *R. & R. adopted*, 2024 WL 5010729 (W.D. Tex. Dec. 6, 2024). Further, to whatever extent Plaintiff tries to hold the City of Monahans liable for Sergeant Esquivel and Officer Terrazas' actions at the Dollar Tree, such claims must die on the vine. Taken together, Plaintiff's *Monell* claim against the City of Monahans does not survive.

### C.  Plaintiff fails to plead a claim under 42 U.S.C. § 2000a

And the issues continue in Plaintiff's new claim under Title II of the Civil Rights Act, 42 U.S.C. § 2000a. (Doc. 15-1 at 10). A successful claim under this statute requires Plaintiff to show (1) he is a member of a protected class, (2) he contracted for services in a place of public accommodation, (3) he was denied those services, and (4) those services were made available to similarity situated people outside his protected class. *See Smith v. Skilled Healthcare Grp.*, No. A-09-CV-342, 2009 WL 10705316, at *4 (W.D. Tex. July 8, 2009), *R. & R. adopted*, 2009 WL 10705322 (W.D. Tex. Sept. 30, 2009). The "sweeping prohibition of discrimination" under Title II reaches only places of public accommodation, as defined under the statute. 42 U.S.C. § 2000a(b)(1)–(4). Plaintiff pleads in a conclusory manner that the City of Monahans is a place of accommodation. (Doc. 15-1 at 10). Defendants disagree. (Doc. 19 at 8).

Title II specifies what locations qualify as "places of public accommodation," and none of these locations include a "city." 42 U.S.C. § 2000a(b)(1)–(4). Nor does Plaintiff

point to any case law or provide any argument supporting "a city" as a place of public accommodation. Other district courts, both within and outside this Circuit, have likewise declined to find public locations, such as libraries and streets, "places of public accommodation" under the statute. *See Ben v. Garden Dist. Ass'n*, No. 12-174, 2012 WL 2371395, at *1 n.4 (E.D. La. Mar. 13, 2012) ("A 'street' is not a place of public accommodation as defined by Section 2000a."); *see also Shapiro v. City of Va. Beach Cent. Libr.*, No. 06CV280, 2006 WL 4473469, at *2 n.3 (E.D. Va. June 7, 2006) ("The fact that a library is separately listed in the ADA and classified as a 'place of public display or collection' and not a 'place of exhibition or entertainment' suggests that a library does not fall within Title II of the Civil Rights Act."). While these public locations are different from a "city," such decisions lend support to Defendants' contention the City of Monahans is not "a place of public accommodation" under the statute. The Court agrees—neither the statute nor case law supports finding the City of Monahans a place of public accommodation.

Overlooking this fatal flaw, Plaintiff also fails to plead any facts supporting any other element of a Title II claim. Plaintiff's allegations focus on his interactions with Molina and Officer Esquivel and Officer Terrazas' requests for his identification. (Doc. 15-1 at 4–6). As Defendants highlight, Plaintiff does not allege he tried to enter a contract for services with the City of Monahans; does not allege he was denied those services; and does not allege those services were denied because of his race. *See id.*; (Doc. 19 at 8–9). For these reasons, Plaintiff fails to state a claim under Title II of the Civil Rights Act.

## II.    State Claims

### A.   Plaintiff's claims under the Texas Penal Code are frivolous

Plaintiff's state law claims fair no better than his federal claims. Plaintiff undoubtably takes issue with Officers Esquivel and Terrazas' request to see his driver's license, which he claims violated Texas Penal Code § 38.02. (Doc. 15-1 at 7–8). Even if assumed true, the Texas Penal Code does not create a private cause of action. *Garza v. Perez*, No. SA-20-CV-00097, 2021 WL 2211113, at *5 (W.D. Tex. May 28, 2021) (citing *Aguilar v. Christian*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied)); *see Mathis v. DCR Mortg. III Sub I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. July 8, 2013) ("Criminal statutes are not enforced by civil plaintiffs."). The Court cannot recognize a cause of action that does not exist—no matter how many times Plaintiff asks the Court to do so. Plaintiff therefore does not, and indeed cannot, state a claim under the Texas Penal Code.

### B.   Plaintiff fails to plead negligent supervision or retention claims

Finally, the Court generously reads Plaintiff's Amended Complaint to raise negligent supervision and retention claims against the City of Monahans under Texas law. (Doc. 15-1 at 9–10). For success on negligent supervision and retention claims, a plaintiff must prove (1) a duty to supervise and retain competent employees; (2) an employer's breach of the duty; and (3) the employer's breach of the duty proximately caused the damages sued for. *Bhakta v. Caraday Healthcare, LLC*, No. 21-CV-00753, 2021 WL 8362164, at *2 (W.D. Tex. Dec. 21, 2021) (quoting *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo, Panel E, 2010)). With that said, the

City of Monahans is no ordinary defendant—it is a governmental entity. Governmental entities cannot be sued for negligent supervision or retention under the Texas Tort Claims Act ("TTCA"). *See Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009).

Generally, under Texas law, the subdivisions of the state, such as cities, are immune from suit and judgment liability unless the state expressly consents. *Garcia v. City of Austin*, No. 17-CV-1052, 2019 WL 2572539, at *7 (W.D. Tex. Mar. 14, 2019) (citing *Witchita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003)). Texas expressly consents to a limited waiver of immunity under the TTCA. *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) ("The TTCA creates a limited waiver of sovereign immunity.") (citations and internal quotations omitted). But the waiver only extends to claims within three areas: (1) use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of tangible or real property. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004); *Goodman*, 571 F.3d at 394 (citing TEX. CIV. PRAC. & REM. CODE § 101.021(2)). The waiver does not, however, reach claims for negligent supervision or retention. *See id.* ("The TTCA is not the appropriate vehicle for claims of negligent failure to train or supervise).

The Texas Supreme Court has held claims such as negligent supervision or retention, without more, do not fall under the limited sovereign immunity waiver. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001). Exceptions exist when the negligent supervision or retention claim involves a publicly owned automobile or an injury arising out of tangible or real property. *See City of Houston v. Manning*, No. 14-20-00051-CV, 2021 WL 1257295, at *9 (Tex. App.—Houston [14th Dist.] Apr. 6, 2021, pet.

15

denied) (mem. op.) ("[Where] allegations of negligent training, retention, and supervision do not involve the operation or use of a motor-driven vehicle or the use of tangible personal property or real property, they do not demonstrate a valid waiver of immunity under the TTCA … against the City."). This case falls outside any exception. Plaintiff alleges no facts showing the City of Monahans used a public automobile or tangible personal or real property in negligently retaining and supervising the Government Official Defendants. As a result, to the extent Plaintiff brings negligent supervision and retention claims against the City of Monahans, sovereign immunity bars those claims.

### III.    Qualified Immunity

And yet the problems do not end there. Further hampering Plaintiff's Amended Complaint against the Government Official Defendants in their individual capacities is qualified immunity. "The doctrine of qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate a clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). Because qualified immunity is immunity from suit, it should be determined as early as possible. *Pearson*, 555 U.S. at 231–32. Early determination demands a plaintiff survive a motion to dismiss for qualified immunity without *any* pre-dismissal discovery. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

Yet qualified immunity is not a foregone conclusion. A government official is not entitled to qualified immunity if a plaintiff can prove two prongs: "(1) the official

16

violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the challenged conduct." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). Plaintiff has not shown any Defendant violated a statutory or constitutional right. What is more, at the time the incident occurred, there was clearly established law Sergeant Esquivel and Officer Terrazas could request Plaintiff's identification and subjectively arrest him for refusing to identify. *See Emesowum v. Zeldes*, No. SA-15-CA-00831, 2015 WL 9598890, at *2–3 (W.D. Tex. Dec. 21, 2015) (holding an arrest for failure to identify was not a constitutional violation when the plaintiff was subject to arrest for criminal trespass), *R. & R. adopted*, 2016 WL 3579232 (W.D. Tex. June 27, 2016), *aff'd*, 697 F. App'x 386 (5th Cir. 2017).

Plaintiff's entire case rests on Sergeant Esquivel and Officer Terrazas requesting his driver's license and threatening to arrest him despite not committing a crime. (Doc. 15-1 at 4). Yet, according to Plaintiff, Molina called the police "reporting 'an aggressive customer … refusing to leave.'" *Id.* at 4. When the officers arrived, Molina identified Plaintiff as the aggressive customer. *Id.* Based on Plaintiff's own Amended Complaint, he was subject to arrest for criminal trespass under § 30.05(a) of the Texas Penal Code.[5] In other words, Sergeant Esquivel and Officer Terrazas had probable cause to arrest Plaintiff for criminal trespass, so any threats to arrest for failure to identify do not amount to a constitutional violation. It is clearly established that an officer's "subjective reason for making an arrest need not be the criminal offense as to which the

---

5. Section 35.05(a) of the Texas Penal Code makes it an offense for a person who enters or remains on or in property of another … without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so.

known facts provide probable cause." *Emesowum*, 2015 WL 9598890, at *3 (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)). And here Plaintiff was not arrested—he was only issued a warning for criminal trespass. (Doc. 15-1 at 5). Regardless, because the Amended Complaint does not survive a 12(b)(6) analysis, it runs headfirst into qualified immunity. Qualified immunity thus shields Defendants.

### IV.    Leave to Amend

Plaintiff does not ask for a third bit at the apple, nor does the Court find one appropriate. Generally, a court should give a *pro se* plaintiff a chance to amend his complaint before dismissing the case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). While mindful Plaintiff represents himself, the Amended Complaint fails to allege any facts revealing Plaintiff is entitled to relief under a valid legal theory. Further, after moving to amend, Plaintiff produced a never-before-mentioned affidavit. (Doc. 17). The affidavit alleges no new facts relevant to this case nor mentions any Defendant within this action. *Id.* Defendants move to strike the affidavit under Rule 12(f), but the Court need not reach the motion. (Doc. 19 at 9–10).

At bottom, Plaintiff was given an opportunity to amend his Original Complaint, his Amended Complaint cannot survive a 12(b)(6) motion, and Plaintiff does not ask for another attempt to amend. Leave to amend should be **DENIED**.

### RECOMMENDATION

In sum, construing the Amended Complaint liberally, Plaintiff does not plead any claims able to survive a Rule 12(b)(6) analysis. Plaintiff's Motion for Leave to

Amend should be **DENIED** as **FUTILE**. (Doc. 15). As a result, Defendants' Motion for an Order Limiting Discovery (Doc. 5) and Motion to Dismiss (Doc. 26) should be **DENIED** as **MOOT**.

It is therefore **RECOMMENDED** Plaintiff's claims under Title II of the Civil Rights Act and the Texas Penal Code should be **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims against the City of Monahans and the Government Official Defendants should be **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 10th day of July, 2025.

_____

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).