AARON TREMELL HILL, SR. §
§
 PLAINTIFF, §
§
VS § **CIVIL ACTION NO. P-24-CV-00012**
§
CITY OF MONAHANS, et al §
§
 DEFENDANT(S), §

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**TO THE HONORABLE JUDGE DAVID COUNTS**

COMES NOW, AARON TREMELL HILL, SR. Plaintiff herein, as a Pro Se Litigant of record, respectfully submits this Objection to the Report and Recommendation issued by Magistrate Judge Ronald C. Griffin in this matter, dated July 10, 2025, and filed with the Court on July 10, 2025. For the reasons set forth below, Plaintiff objects to the Magistrate Judge's findings and respectfully requests that this Court reject the Report and Recommendation and make its own findings in this case.

**INTRODUCTION**

On July 10, 2025 Magistrate Judge Ronald C. Griffin issued a Report and Recommendation (the "R&R") recommending that, "In sum, construing the Amended Complaint liberally, Plaintiff does not plead any claims able to survive a Rule 12(b)(6) analysis. Plaintiff's Motion for Leave to Amend should be **DENIED** as **FUTILE.** (Doc. 15). As a result, Defendants' Motion for an Order Limiting Discovery (Doc. 5) and Motion to Dismiss (Doc. 26) should be **DENIED** as **MOOT.** It is therefore **RECOMMENDED** Plaintiff's claims under Title II of the Civil Rights Act and the Texas Penal Code should be **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims

against the City of Monahans and the Government Official Defendants should be

**DISMISSED WITHOUT PREJUDICE**.” For the reasons detailed herein, Plaintiff

respectfully objects to the Magistrate Judge's Report and Recommendation.

**STANDARD REVIEWS**

Plaintiff understands that, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the

Court reviews de novo any portion of the Magistrate Judge's findings to which a party has

objected. Accordingly, Plaintiff submits the following objections, and respectfully asks

the court to review them on a de novo basis.

**I. OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

   **A.  Federal Claims**

 **Plaintiff fails to plead § 1983 claims against the Government Official Defendants**

Plaintiff objects to the Magistrate Judge's recommendation to Dismiss with Prejudice the

Plaintiff's claims under Title II of the Civil Rights Act, and the Texas Penal Code on the

grounds that the complaint contains insufficient factual allegations to state a plausible

claim for relief. The defendant government official acted under the color of state law.

Monroe v. Pape, 365 U.S. 167(1961) the United Stated Supreme Court case “that

considered the application of federal civil rights law to constitutional violations by city

employees”. The case was significant because it held that 42 U.S.C. § 1983, a statutory

provision from 1871 could be used to sue state officers who violated a plaintiff's

constitutional rights. The Magistrate Judge erred in finding that Plaintiff failed to plead §

1983 claims. Specifically, Officer Terrazas and Sergeant Esquivel failed to protect

Plaintiff's rights by failing to get a proper description of the person in question. Molina simply pointed in the Plaintiff's direction and the police walked right up to the black man, ignoring the White and Hispanic customers / people in the immediate vicinity. In addition, they failed to follow appropriate protocol in investigating the alleged incident. Molina's call was a false allegation, as shown in store video and the police bodycam. Terrazas and Esquivel failed to investigate the incident thereby failing to protect the rights of Plaintiff and violating Plaintiff's rights under § 1983. The defendant's actions (or inaction) deprived the plaintiff of a federally protected right. The defendant's actions were a cause of the plaintiff's injury. While Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985). 779 F.2d 1129 (5th Cir. 1986 which is also associated with the Grandstaff v. City of Borger case involves the wrongful death of James C. Grandstaff due to police mistaken identity, it is relevant here in that the police failed to act in an appropriate manner and mistakenly assumed the Black man was guilty of said charges. In *Gatlin v. Welle et al.* **(**U.S. District Court, Eastern District of Missouri, **Case No.**: 4:25-cv-00043, January 13, 2025), Christopher Gatlin was wrongfully arrested and spent 17 months in jail for an assault he did not commit. The case was eventually dismissed after the prosecutor learned there was no real evidence against Gatlin and that the identification was not reliable proving that the police department's actions were driven by an overreliance on AI and a failure to conduct proper investigations. In *Sheronda M. Bonner v. City of El Segundo et al.* (including Anthropologie's parent company, Urban Outfitters, Inc.), Case Number: 2:2020cv10456, U.S. District Court for the Central District of California, November 16, 2020, Bonner, a 53-year-old Black woman, visited an Anthropologie store in El Segundo and left without purchasing anything. She and her companion were falsely

accused of grand theft by store staff, arrested by police, and detained until she posted bail. These cases underscore how retail surveillance, implicit bias, and flawed police action can combine to create severe injustices for Black individuals engaged in everyday activities like shopping. They reveal a troubling pattern of mistaken identity, racial profiling, and systemic failures by law enforcement and businesses, which is evident in this case brought by the Plaintiff.

**B.      Plaintiff fails to plead a Monell claim against the City of Monahans**

Plaintiff further objects to the Magistrate Judge's analysis of failing to plead a Monell claim against the City of Monahans. The Magistrate Judge concluded that the City cannot be held liable for the actions of its employees, but the City failed to secure information that was requested in repeated Open Records requests by the plaintiff's former attorney, Charles C. Smith. These requests were sent to Mr. Rex M. Thee. The first Open Records Request was submitted on November 18, 2022 (Exhibit A) and later on April 7, 2023 (Exhibit B) along with multiple telephone calls requesting the same information. Plaintiff also filed a complaint with the Attorney General's Office (Exhibit C) when the repeated requests went unheeded. Additionally, even after the Attorney General responded and told Defendant to respond to the request, they ignored the requests. This failure by the City to comply with the Plaintiff's request caused the Plaintiff to be unable to review policy and procedures that would lead to the identification of the employees' misconduct. This is in direct violation of the doctrine of respondeat superior and should render the City liable for constitutional violations (42 U.S.C § 1983).  In Monell v. Department of Soc. Svcs. (436 U.S. 658, 1978) the Supreme Court clarified that municipalities are "persons" under § 1983 and can be sued for constitutional violations committed by their employees. In

Owen v. City of Independence (445 U.S. 622, 1980), Monell was further clarified, holding that cities cannot assert qualified immunity when sued for constitutional violations, meaning cities can be held liable for compensatory damages. These cases show that the City, and their employees, can and should be held liable when a person's constitutional rights are violated, as is evident in this case.

## II. State Claims

### A. Plaintiff's claims under the Texas Penal Code are frivolous

The Plaintiff's was not inside the store when Officer Terrazas and Sergeant Esquivel arrived nor was the Plaintiff a suspect in a crime; therefore, the police officers' request for his identification and subsequent threats to arrest him is a violation of the Plaintiff's civil rights. The Fifth Circuit has affirmed that merely refusing to identify oneself to a police officer is not a crime under Texas Penal Code Section § 38.02 unless the person has already been arrested. Such a refusal cannot provide probable cause for an initial arrest. Texas' Failure to Identify law protects citizens. In Brown v. Texas (443 U.S. 47, 1979) the U.S. Supreme Court overturned a conviction based on a Texas statute that made it a criminal act to refuse to identify oneself to an officer upon request. This case established the principle that police cannot arbitrarily demand identification without reasonable suspicion of criminal activity. As stated above, Plaintiff was not inside the store. Other people were also outside the store. The police had no reason to approach Plaintiff, as he was not acting erratically, aggressively, or any other way, was not inside the store, and was not acting any differently from the white and brown citizens in the immediate vicinity.

**III.    Qualified Immunity**

As stated in the Magistrate Judge's Report and Recommendation, a government official is not entitled to qualified immunity if a plaintiff can prove two prongs: "(1) the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. The Plaintiff respectfully objects to the Magistrate Judge's statement regarding the criminal trespass warning that was issued to the Plaintiff because the warning was issued without a proper investigation into the circumstances of the incident, thereby violating the defendant's due process rights and potentially leading to a misapplication of the law.

This warning was issued without a thorough investigation into the events leading up to the warning. The defendant was not on the property at the time police arrived and began questioning him. The officers walked up to the Plaintiff and began questioning him only under the assumption that he was the accused based solely on the store manager pointing in the direction of the Plaintiff and several other people who were near, all outside the store. The store manager did not offer a description of the Plaintiff in any way. As the 911 call indicates, the store manager failed to describe the supposed aggressive person by sex, color, race, height, clothing, or any other definable markers. The store manager only pointed in the direction of the Plaintiff outside the store, as the Plaintiff was leaving another store next door and heading to his vehicle in the parking lot. Officer Terrazas and Sergeant Esquivel assumed the guilty party was the only black man in the vicinity, even though there were a number of other people outside both stores. In addition, both police officers failed to review security footage or acquire any eyewitness statements prior to issuing the criminal trespass warning. This lack of investigation is critical, as a proper

investigation would have revealed that the Plaintiff did nothing wrong. Issuing criminal trespass warnings without proper investigation creates a dangerous precedent and opens the door to potential abuse of authority by law enforcement. It allows for individuals to be unjustly targeted and subjected to the stigma of a criminal warning without a fair assessment of the facts. In fact, without proper investigation, situations could easily intensify into something deadly. For example, in Aguirre v. City of San Antonio (No. 17-51031 (5th Cir. 2021), what should have been a simple call turned into a violent violation of the citizen's constitutional rights, resulting in his death. The Fifth Circuit Court agreed that the officers' actions were both unreasonable and excessive and denied their excuse of qualified immunity. The case was returned to the District Court and was subsequently settled in favor of the victim to avoid further litigation.

Additionally, in Ramirez v. Killian (No.22-11060 (5th Cir. 2024) the Fifth Circuit determined that using force against an individual who is not threatening or resisting can be deemed excessive and unlawful under established legal principles and therefore not protected under qualified immunity. The Plaintiff was not threatening at any time during the incident at the Dollar Tree. In fact, had Officer Terazzas and Sergeant Esquivel taken the time to properly investigate the situation, they would have found there was no issue and that the Dollar Tree employee made a false police report. Also, in Pigott v Gintz (No. 23-30879 (5th Cir. 2024), the Fifth Circuit decision emphasized the principle that force used by police must be proportionate to the perceived threat, and that even non-lethal force can be considered excessive. Again here, the Plaintiff was not a threat and had done nothing wrong, but Sergeant Esquivel felt it perfectly acceptable to place his hand on his

service weapon in an effort to intimidate the Plaintiff, as shown in the video recorded on the Plaintiff's cell phone (Exhibit D).

The issuance of a criminal trespass warning carries significant consequences, potentially impacting the defendant's liberty and reputation. The failure to conduct a proper investigation before issuing the warning deprived the defendant of procedural due process rights guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution. Procedural due process requires that individuals be given notice and an opportunity to be heard before being deprived of life, liberty, or property. In this case, the defendant was not given due process, which constitutes a violation of these rights thus proving the two prongs noted above regarding the protection or lack thereof of qualified immunity.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the District Judge reject the Magistrate Judge's Report and Recommendation, sustain Plaintiff's objections, and grant Plaintiff's requested relief. Plaintiff further requests any and all other relief to which he may be justly entitled.

Respectfully submitted,
/s/Aaron Tremell Hill, Sr.
**Aaron Tremell Hill, Sr.**
13949 Jacktar Street
Corpus Christi, Texas 78418
Email: aaronhill73@yahoo.com
361-562-8404
**Pro Se Litigant**

**CERTIFICATE OF SERVICE**

I, Aaron Tremell Hill, Sr., do hereby certify that on July 24,2025 a true and correct copy

of the foregoing was forwarded to Aaron M. Dorfner Attorney, Tyler J. Eyrich Attorney, Cotton,

Bledsoe, Tighe & Dawson, a Professional Corporation, P. O. Box 2776, Midland, Texas, 79702.

**Via E-filing to adorfner@cbtd.com**
Aaron M. Dorfner, Attorney
State Bar No. 24040824
**Via E-filing to teyrich@cbtd.com**
Tyler J. Eyrich, Attorney
State Bar No. 24101741
Cotton, Bledsoe, Tighe & Dawson a Professional Corporation
P. O. Box 2776
Midland, Texas 79702

**ATTORNEYS FOR DEFENDANT (S)**

/s/Aaron Tremell Hill, Sr.
**Aaron Tremell Hill, Sr.**
aaronhill73@yahoo.com
**Pro Se Litigant**